Harrison, J., Garoutte, J., Van Fleet, J.

---

[Sac. No. 15.   Department One.—February 24, 1898.]

# MADERA FLUME AND TRADING COMPANY, Respondent, v. BENJAMIN F. KENDALL, Appellant.

MECHANICS' LIENS—CLAIM FOR MATERIALS FURNISHED—INSUFFICIENT NOTICE —PLEADING.—A notice of a claim of lien for materials furnished, which states the name of the contractor and of the owner of the building, but does not state to what person the materials were furnished, is insufficient and fatal to the lien, and cannot be aided by a statement in the complaint for foreclosure of the name of the person to whom the materials were furnished.

ID.—NOTICE NOT CAPABLE OF AMENDMENT.—The notice of lien which is filed for record must be complete in itself at that time, in order to authorize an enforcement of the lien, and is not capable of being amended or reformed.

ID.—VOID CONTRACT IMMATERIAL.—The fact that the contract for the construction of the building for a price of more than one thousand dollars was verbal, and was void for want of record, does not relieve the claimant from the necessity of stating the name of the person to whom the material was furnished.

ID.—FORECLOSURE—IMPROPER JUDGMENT FOR DEFICIENCY AGAINST OWNER.—A lien claimant is not entitled to a judgment for a deficiency against the owner of the property, even if the contract was void for want of record, but the only relief to which he is entitled against the owner in such case is to a lien for the value of the labor done or material furnished.

APPEAL from a judgment of the Superior Court of Madera County and from an order denying a new trial.   W. M. Conley, Judge.

The facts are stated in the opinion of the court.

W. H. Larew, and L. L. Cory, for Appellant.

Francis A. Fee, for Respondent.

HARRISON, J.—Action to foreclose a mechanic's lien. The appellant entered into a verbal contract with one Price for the construction of a building upon certain lands of which he was

the owner, at an agreed price of seventeen hundred dollars.  The respondent furnished certain materials which were used in the construction of the building, and within thirty days after its completion filed with the county recorder its claim of lien therefor.  The present action is brought for the foreclosure of this lien.  Price was made a defendant with the appellant, but appears to have made no defense to the action, and the court rendered its judgment in favor of the plaintiff, directing a sale of the land in satisfaction of its claim, and that judgment be entered against the appellant for any deficiency in the proceeds of the sale.  From this judgment and an order denying a new trial the defendant Kendall has appealed.

The notice of its claim filed by the plaintiff was insufficient to authorize an enforcement of the lien.  Section 1187 of the Code of Civil Procedure declares that every person claiming a lien must file for record with the county recorder a claim containing a statement among other matters of "the name of the person by whom he was employed, or to whom he furnished the materials."  The notice of its claim filed by the plaintiff herein, after stating that it had furnished materials which were actually used in the construction of the building, stated:

"That William Price is the name of the contractor who on or about the first day of March, 1894, as such contractor and agent of the owner, B. F. Kendall, entered into a verbal contract with said Madera Flume and Trading Company, a corporation, under and by which said William Price was to furnish the material for the construction of said building."  In this statement the plaintiff does not state that it furnished any of these materials to William Price, nor does it state the name of the person to whom it did furnish them.  Not only does the statement fail to name the person to whom the materials were furnished by the plaintiff, but it is consistent with their having been furnished by it to some one other than Price, for whom he obtained them in fulfillment of his contract with Kendall.  Nor is this defect aided by the averment in the complaint, that they were furnished to Price.  The notice of lien which is filed for record must be complete in itself at that time in order to authorize its enforcement, and is not capable of being amended or reformed.  (*Goss v. Strelitz,* 54 Cal. 640.)  In *Santa Monica*

*Lumber etc. Co. v. Hege,* 119 Cal. 376, 379, we said: "The right to 'enforce a mechanic's lien depends upon a compliance with the requirements of the statute. Unless the notice of the lien which is filed with the county recorder contains the statements required by section 1187 of the Code of Civil Procedure, the claimant is not entitled to his lien." (See, also, *Wood v. Wrede,* 46 Cal. 637; *Phelps v. Maxwell Min. Co.,* 49 Cal. 336.)

The fact that the contract was verbal, and not recorded, did not relieve the claimant from compliance with the provisions of section 1187. That section declares that "every person" seeking the benefits of that chapter must state in his claim of lien all of the facts therein specified. (*Davis v. McDonough,* 109 Cal. 547.)

The judgment is also erroneous in directing the deficiency of the proceeds to be docketed as a judgment against the appellant. Section 1183 of the Code of Civil Procedure, does not provide that the failure to have the contract in writing and recorded shall render the owner personally liable, but that the persons performing labor and furnishing materials in such cases "shall have a lien for the value thereof." (*McMenomy v. White,* 115 Cal. 339.)

The judgment and order denying a new trial are reversed.

Garoutte, J., and Van Fleet, J., concurred.