STATE EX REL. JUCKEM, RELATOR, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 4,538.)

(Submitted January 19, 1920.  Decided February 19, 1920.)

[188 Pac. 137.]

*Mandamus—Pleading and Practice—Motions to Strike—Restoration to Files.*

Pleading and Practice—Motion to Strike—Effect.
   1.   Under the civil practice, a motion to strike out a portion of a pleading is in fact and in substance a demurrer to the portion attacked.

Same—Remedies.
   2.   When a demurrer to a pleading is sustained, the pleader may either take exception to the ruling, stand on his original pleading, permit judgment to go against him, and appeal therefrom, or submit to the ruling and plead over; the two courses, however, being antagonistic in principle, cannot be adopted concurrently.

Same—Amended Pleadings—Originals *Functus Officio.*
   3.   Where, after a motion to strike allegations from written objections to a petition for letters of administration had been sustained, the opponent obtained an extension of time to file amended pleadings, the original ones became *functus officio.*

Same—*Mandamus*—When Writ Does not Lie.
   4.   *Mandamus* does not lie to compel the district court to restore matter stricken from pleadings, where the party seeking relief had asked for and secured time to file amended pleadings, thus treating the original ones as *functus officio* and leaving nothing to which restoration could be made.

Original application by the State, on the relation of Mayme Ronan Juckem, for a writ of mandate against the District Court of the Second Judicial District in and for the County of Silver Bow, and J. J. Lynch, a Judge thereof.   Writ denied.

*Messrs. Nolan & Donovan* and *Messrs. Walker & Walker,* for Relatrix, submitted a brief; *Mr. T. F. Nolan* argued the cause orally.

*Mr. Peter Breen* and *Mr. H. K. Jones,* for Respondents, submitted a brief; *Mr. Jones* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Katherine Ronan Morressey died, in the city of Butte, on the twenty-eighth day of March, 1919. On April 17, 1919, Edward Morressey, husband of decedent, filed his petition for letters of administration, which was duly noticed for hearing, and thereafter relatrix filed her written objections and opposition to such petition, and thereupon petitioner filed written motion to strike from said written opposition and objections certain alleged irrelevant and immaterial matter. The motion was sustained, and the matter stricken on the fifteenth day of November, 1919, and, as the minute entry of the court recites: "Said objector, upon application of her counsel, T. F. Nolan, Esq., is given thirty days to file amended written opposition and objections." The entry further recites: "To which ruling of the court counsel for Mayme Ronan Juckem excepted and asked for and was by the court granted thirty days to prepare and serve a bill of exceptions." Whether or not relatrix availed herself of the opportunity to plead over, thus requested and granted, does not appear, as the certified record closes with the minute entry of November 15, 1919.

On December 29, 1919, relatrix filed in this court her affidavit and petition for a writ of mandate to compel respondents to reinstate such stricken matter, and an order to show cause why such writ, or other proper writ commanding such action, should not be issued, was served upon respondents. Respondents filed a motion to quash, and without waiving their rights under the motion filed an answer to the petition, setting up and submitting the record.

Except as otherwise provided in the title on "Probate Proceedings," the general rules of practice and procedure in civil matters apply to probate proceedings. (Rev. Codes, sec. 7711.) [1] Under our civil practice, "a motion to strike out a portion of a pleading is in fact and in substance a demurrer to that portion attacked." (*Bank of Commerce* v. *Fuqua,* 11 Mont. 285, 28 Am. St. Rep. 461, 14 L. R. A. 588, 28 Pac. 291.)

Under the civil practice, when a trial court sustains a demur-
[2] rer to a pleading, two courses are open to the pleader:
He may either take exception to the ruling of the court and
stand upon his original pleading, permit the matter to go to
judgment and test the correctness of the court's ruling on an
appeal from the judgment, or he may submit to the ruling of
the court and plead over. But these two courses are antago-
nistic in principle and cannot be adopted concurrently. The
first is in opposition to, the second an acquiescence in, the ruling
of the court.

By applying for and being granted time in which to fur-
[3] ther plead, relatrix acquiesced in the ruling of the court,
and thereby abandoned her original pleading, which then be-
came *functus officio*. This rule has been so firmly established
in this jurisdiction by a long list of authorities that it cannot
be disregarded. (*Raymond* v. *Thexton*, 7 Mont. 299, 17 Pac.
258; *Newell* v. *Meyendorff*, 9 Mont. 254, 18 Am. St. Rep. 738, 8
L. R. A. 440, 23 Pac. 333; *Gettings* v. *Buchanan*, 17 Mont. 581,
44 Pac. 77; *Butte B. Co.* v. *Clarke*, 19 Mont. 306, 48 Pac. 303;
*Ben Kress Nursery Co.* v. *Oregon Nursery Co.*, 45 Mont. 494,
124 Pac. 475; *Lehfeldt Co.* v. *Justice, ante*, p. 221, 187 Pac. 912.)

In the case of *Gettings* v. *Buchanan*, an amended complaint
had been filed, after answer. Defendant then asked for and
was granted additional time within which to file an amended
answer. The court held that, under the circumstances, the old
answer would have been sufficient answer to the amended
complaint, and would have been so treated had defendant
elected to stand on the old answer. The court then says:
"On the contrary, he himself elected to file a new answer.
As appears from the record, after a portion of the time
had run in which he could answer, fifteen days were granted
him in which to plead to the amended complaint, and he
participated in this proceeding of the court." After review-
ing numerous cases in point in both England and this country,
the court concludes: "We are of the opinion that the defend-
ant in this case clearly elected to consider his original answer

as also *functus officio,* and that, by his conduct, a new answer became due, and that for want of the same default was properly entered.''

So in this case, by her action, by participating in the proceeding of the court, asking for and securing time beyond that which was allowed by statute in which to plead further, relatrix elected to consider her original objections and written opposition *functus officio;* and there is now no such pleading to which the stricken matter could be restored, should we find that the court's action in striking it was erroneous. Certainly, it cannot be ''restored'' to the amended written opposition and objections, if such were filed pursuant to the permission secured by relatrix on her own motion.

The proceedings are dismissed, and it is ordered that respondents have judgment for their costs and disbursements herein.

*Dismissed.*

Mr. Chief Justice Brantly and Associate Justices Holloway and Hurly concur.

Mr. Justice Cooper, being absent, takes no part in the foregoing decision.