[Civ. No. 192. Fourth Appellate District.—December 23, 1932.]

H. G. SHAFER, Appellant, v. LOS SERRANOS COMPANY et al., Respondents.

Pollock & Mitchell for Appellant.

Patterson, Bailey & Montgomery for Respondents.

BARNARD, P. J.—This is an action for the foreclosure of a mechanic's lien. The complaint alleges that the United States National Bank of Los Angeles is the owner and reputed owner of certain described premises; that on certain dates the Los Serranos Company engaged the plaintiff to furnish material to be used in the construction of a certain building on said premises at an agreed price; that the plaintiff furnished certain lumber to be used and which was actually used in the construction of said building; and that notice of claim of lien was duly recorded. Attached to the complaint is a copy of this notice of claim of lien which sets forth that the Los Serranos Company erected a building on the premises in question; that the name of the owner or reputed owner is the United States National Bank of Los Angeles; that the name of the contractors "who engaged with Los Serranos Company" is Hartley & Camp Construc-

tion Company; that the claimant supplied lumber to be used and which was actually used in the construction of said building; that said material was furnished between certain named dates; that no notice of completion has been recorded; that ninety days have not elapsed since the building was completed; that the reasonable value of the materials so furnished was a named amount; and that nothing has been paid on account thereof.

The defendant United States National Bank of Los Angeles filed an answer in which, among other things, it alleged that it held the legal title to the property in question and that within ten days after it acquired knowledge of any work being done upon said property it gave notice of nonresponsibility by posting and recording a notice to that effect in accordance with the provisions of section 1192 of the Code of Civil Procedure. After a trial, judgment was entered in favor of the United States National Bank of Los Angeles, from which judgment the plaintiff has appealed upon the judgment-roll alone.

The sole contention made by the appellant is that the court erred in finding or concluding that the claim of lien as filed "did not meet the requirements of Chapter 2, Title 4 of part 3 of the Code of Civil Procedure", and that for this reason the court erred in finding and concluding that "the plaintiff is not entitled to and has no lien upon the land described", it being urged that in all other respects the findings entitle the appellant to a judgment as prayed for.

It is conceded that the notice of lien, as recorded, failed to set forth the kind of materials furnished, it being merely stated therein that the claimant "supplied material". It is also conceded that the notice failed to state to whom the material was furnished. In reference to the first omission, the respondent relies on the case of *Norton* v. *Bedell Engineering Co.*, 88 Cal. App. 777 [264 Pac. 311, 312]. In that case a complaint was held insufficient which failed to allege the kind of work done or the kind of materials furnished, it being conceded that the notice recorded disclosed a similar deficiency. However, in *Johnson* v. *Smith*, 97 Cal. App. 752 [276 Pac. 146], it was held that a similar omission in a claim of lien was not fatal in view of section 1203 of the

Code of Civil Procedure, in the absence of any showing of an intent to defraud or resulting injury to an innocent third party.

In reference to the second defect referred to, as to the name of the party to whom the materials were furnished, the respondent relies on such cases as *Madera Flume etc. Co.* v. *Kendall*, 120 Cal. 182 [52 Pac. 304, 65 Am. St. Rep. 177], *Hogan* v. *Bigler*, 8 Cal. App. 71 [96 Pac. 97], and *Santa Monica Lumber & Mill Co.* v. *Hege*, 119 Cal. 376 [51 Pac. 555]. On the other hand, the appellant contends that under section 1203 of the Code of Civil Procedure, this claim must be held sufficient in the absence of any showing of injury. In *Richman Sanitary Co.* v. *Franklin*, 122 Cal. App. 229 [9 Pac. (2d) 855, 856], the court said: "Since the enactment of section 1203 of the Code of Civil Procedure many cases have been decided on the authority of that section. No one of them has followed the harsh rule stated in the case of *Santa Monica L. & M. Co.* v. *Hege, supra.*" In *Prince* v. *Hill*, 170 Cal. 192 [149 Pac. 578, 580], the court said: "The statute does not require such literal exactness and rigid adherence to precise form as the appellants contend." In that case the court held that the name of the person to whom the materials were furnished was sufficiently disclosed by the allegations of the notice. In *Jarvis* v. *Frey*, 175 Cal. 687 [166 Pac. 997], a notice of lien was held to be sufficient where it could be reasonably inferred from statements in the notice to whom the materials were furnished. A somewhat similar rule was followed in the case of *Trout* v. *Siegel*, 202 Cal. 706 [262 Pac. 320]. In *Consolidated Pipe Co.* v. *Wolski*, 211 Cal. 563 [296 Pac. 277, 278], it is said: "Liens of mechanics or materialmen will not be held invalid unless they tend to defraud or fail to impart notice."

Assuming, for the purposes of this opinion, that, under the authorities above referred to, the conceded omissions in the notice of lien here in question should not be held to invalidate the lien in the absence of any showing of injury, we are here confronted with a situation somewhat different from that found in any of the cases above referred to. In this case the notice of claim of lien sets forth that the bank is the owner of the property, that the Los Serranos Com-

pany erected a building thereon, and that Hartley & Camp Construction Company were the contractors "who engaged with said Los Serranos Company", but does not state to which of the three parties named the materials were furnished. While the complaint alleges that the materials were furnished to the Los Serranos Company, it is not alleged that this company had any interest in the property and nothing is alleged to indicate any relationship of any kind between this company and the owner of the property, and nothing to indicate any knowledge on the part of the owner that any building was being constructed or any materials furnished therefor. The answer of the owner pleads a lack of such knowledge on its part and the court found that the Los Serranos Company did not at any time act as agent for the owner, did not act for the owner in any capacity whatsoever, and that the appellant furnished the material without the knowledge of the owner.

In *Maxwell Hardware Co.* v. *Foster,* 207 Cal. 167 [277 Pac. 327, 328], we find the following:

"Action for the foreclosure of a materialman's lien for building materials furnished defendant Foster in the construction of a building upon real property belonging to the defendant Kates. The court gave judgment in favor of defendant Kates. The plaintiff has appealed. The evidence fails to show that Foster had any authority from Kates to purchase said materials, or to construct said building, or that Kates had any knowledge that the building was being constructed. Without evidence showing that defendant Kates had knowledge of the construction of said building, the real property owned by him and upon which said building was constructed would not be subject to a lien for materials used in its construction. (Code Civ. Proc., sec. 1192.) The judgment, therefore, denying plaintiff a lien upon the property of the defendant Kates was properly entered."

A similar situation appears here. While the evidence is not before us, we must assume in support of the judgment, especially in view of the finding referred to, that the evidence fails to show that the Los Serranos Company had any authority from the owner to purchase these materials or to construct the building, or that the owner had any knowledge

that the building was being constructed. It may fairly be inferred, from the facts found, that the owner did not know that this building was being erected. ▮ The burden is on the appellant to show any error and we may not assume that error might be disclosed by the evidence, when the same is not presented for review.

While the strict rules applied in some of the earlier cases have been somewhat modified in certain more recent cases, especially through the application of section 1203 of the Code of Civil Procedure, this has occurred in cases where the owner or his contractor had purchased the materials in question, where the requisites of the statute had been substantially complied with, and where the notice actually given could be considered equally as effective as a notice more technically correct. ▮ But these lien statutes are intended not only for the protection of a materialman, but also of a property owner. (*Diamond M. Co.* v. *Sanitary F. Co.,* 70 Cal. App. 695 [234 Pac. 322, 327].) In that case the court said:

"The legislature has introduced into the system for the enforcement of liens of mechanics, etc., the only equitable principles which can be invoked in the decision of any case arising under such statute in the rules enunciated in section 1203 of the Code of Civil Procedure and section 14 of the act of 1911, and unless the case is one which is subject to the mollifying influence of the rules declared in those sections, then, if the default or neglect be material to the perfection of a lien, it is beyond the remedial scope of equity, in the exercise of its usual powers, to protect the lien claimant against the untoward consequences of what may be and probably was his own neglect."

And in *Norton* v. *Bedell Engineering Co., supra,* it was said: "The remedy for securing the payment of a claim by means of a mechanic's lien is statutory, and the procedure provided by law must be substantially complied with."

Those requisites which are essential for securing and enforcing such a lien as is here involved are comparatively simple and easily complied with, and no principle of equity demands that the bars be entirely let down in order to enable a claimant to hold an owner who is not shown to have

any connection directly or indirectly with the erection of a building on his property, nor any knowledge that materials were being furnished for such a purpose.

Under the circumstances here appearing we are neither prepared to hold that appellant has brought himself within the provisions of section 1203 of the Code of Civil Procedure, nor that the other findings of the court are not sufficient to sustain the judgment.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.