BRENNAN, Respondent, v. CITY OF KALISPELL, Appellant.

(No. 7,732.)

(Submitted November 17, 1937. Decided November 30, 1937.)

[74 Pac. (2d) 6.]

*Mr. C. S. Baldwin* and *Mr. H. A. Kendall,* for Appellant, submitted a brief; *Mr. Kendall* argued the cause orally.

*Messrs. Grubb & Rockwood,* for Respondent, submitted a brief; *Mr. Forrest C. Rockwood* argued the cause orally.

MR. CHIEF JUSTICE SANDS delivered the opinion of the court.

This is an appeal by the city of Kalispell, defendant, from a judgment awarding damages to the plaintiff, Vesta H. Brennan, for injuries resulting from a fall occurring on the streets of

Kalispell. It appears from the allegations of the complaint that the plaintiff stepped into an uncovered gutter in the city and was thrown to the street and thereby received certain bodily injuries.

The record consists of the judgment-roll only, and the specifications of error tender three propositions: First, that the court erred in overruling the defendant's general demurrer; second that it erred in denying defendant's motion to strike; and, third, that it erred in overruling the defendant's special demurrer. We shall discuss these enumerations of error in this order.

The first specification involves the sufficiency of the complaint to state a cause of action. The complaint is based upon negligence, and to recover the plaintiff must show that there was actionable negligence in that the defendant was under a duty to protect the plaintiff from the injury sustained; that defendant failed to perform this duty; that damages resulted; and that the breach of the duty was the proximate cause of the injury. (See *Ellinghouse* v. *Ajax Livestock Co.*, 51 Mont. 275, 52 Pac. 481, L. R. A. 1916D, 836; *Fusselman* v. *Yellowstone Valley etc. Irr. Co.*, 53 Mont. 254, 163 Pac. 473, Ann. Cas. 1918B, 420; *Ecclesine* v. *Great Northern Ry. Co.*, 58 Mont. 470, 194 Pac. 143; *Bennetts* v. *Silver Bow Amusement Co.*, 65 Mont. 340, 211 Pac. 336.)

In examining the complaint we find the duty, the breach of duty, the specific acts of negligence, the proximate cause, and the allegations of damages suffered all directly and specifically alleged. The sufficiency of these allegations to state a cause of action on the grounds of actionable negligence for personal injuries is not open to doubt.

The defendant, however, contends that because the complaint alleges negligence arising from the construction of the gutter covering, when taken in the light of the fact that the cover was in line with the general plan adopted by the city for its gutters, it is insufficient because the question of the judgment of the city in adopting this plan of construction is conclusive, and that neither the court nor the jury can substitute its judgment for that of the city. As authority for the proposi-

tion defendant cites the case of *Conlon* v. *City of St. Paul*, 70 Minn. 216, 72 N. W. 1073. In making this contention the defendant overlooks the fact that such allegation of negligence is one of several specific allegations, and recovery may be had on any one of them if shown to be the proximate cause of the injury. (See *Walsh* v. *East Butte Copper Min. Co.*, 66 Mont. 592, 214 Pac. 641.)

Even if there were no other acts of negligence alleged by which the city might have been held, the rule laid down by the *Conlon Case*, supra, does not aid the defendant's contention that the allegation was insufficient. In that case the city had to construct the sidewalk so that vehicles from the street might pass over the walk. The city constructed a stone incline from the street to the edge of the walk. The plaintiff slipped and fell on this incline. The plaintiff relied solely on the negligence of the city in making the incline too steep. On the trial it was shown that the city had adopted this plan of construction to overcome certain physical obstacles, and in consequence of this showing the court made the above stated ruling. However, it further stated that if it could be shown that in fact the city authorities did not exercise intelligent judgment at all, the city might be liable for constructing the improvement on the defective plan or scheme adopted. The order appealed from was reversed and a new trial was granted. The decision in that case did not involve the sufficiency of the allegations in the complaint, but was confined to the sufficiency of the evidence. This holding, then, does not help the defendant here, for in the present case the allegations in the complaint set out facts as to the construction of the covering of the gutter, from which it might have been found that there was an absence of intelligent judgment in such plan of construction.

The other objections made by the defendant as to the sufficiency of the allegations of the complaint are technical [5] and fall in the light of the liberal construction of the complaint doctrine followed by this court. (*Linney* v. *Chicago, Mil., St. P. & Pac. R. R. Co.*, 94 Mont. 229, 233, 21 Pac. (2d) 1101; *Johnson* v. *Herring*, 89 Mont. 156, 295 Pac. 1100; *Boyd* v.

*Great Northern Ry. Co.,* 84 Mont. 84, 274 Pac. 293; *Marcellus* v. *Wright,* 51 Mont. 559, 154 Pac. 714.)

Inasmuch as it is a well-settled rule in Montana that a mo- ▮ tion to strike out a portion of a pleading is in fact and in substance a demurrer to the portion attacked (*Bank of Commerce* v. *Fuqua,* 11 Mont. 285, 28 Pac. 291, 28 Am. St. Rep. 461, 14 L. R. A. 588; *State ex rel. Juckem* v. *District Court,* 57 Mont. 315, 188 Pac. 137), we shall consider the second and third specifications of error together.

The defendant interposed a special demurrer on the ground ▮ that the complaint was ambiguous, uncertain and unintelligible. It then interposed a motion to strike certain portions of the complaint on the ground that such portions were irrelevant and redundant matter. The motion to strike was denied and the special demurrer was overruled along with the overruling of the general demurrer. The defendant then proceeded to answer. This brings us to the question whether the defendant can, on appeal, maintain that the denying of the motion and the overruling of the special demurrer was error when it has acquiesced in the ruling by answering. It is a well-settled rule by a long line of decisions that this cannot be done. (*State ex rel. Juckem* v. *District Court,* supra, and the cases therein cited; *Linney* v. *Chicago, Mil., St. P. & Pac. R. R. Co.,* supra, and cases there cited.)

The specifications of error have confined us to the record here presented which, as stated above, consists of the judgment-roll only, and in such record we can find no error.

The judgment is affirmed.

ASSOCIATE JUSTICES STEWART, ANDERSON, MORRIS and ANGSTMAN concur.