COLE ET AL., APPELLANTS, *v.* HUNT ET AL., DEFENDANTS.
No. 8919.
Submitted November 8, 1949. Decided November 10, 1949.
211 Pac. (2d) 417.

Mr. Harold F. Smith, Kalispell, for appellant. Mr. Smith argued the cause orally.

Mr. James A. Cumming, Columbia Falls, for respondent. Mr. Cumming argued the cause orally.

MR. CHIEF JUSTICE ADAIR:

This is an action to recover $326.54 on an account for labor and materials supplied in the construction of a building together with interest, costs and attorneys' fees, and to establish and foreclose a mechanics' lien.

The complaint filed April 22, 1949, alleges: That about September 15, 1947, plaintiffs entered into an agreement with the defendant Hunt whereby plaintiffs were to furnish and deliver to Hunt, then the owner of lot 4, in block 24 of the original townsite of Columbia Falls, Montana, certain labor and materials in the construction of a certain building thereon; that Hunt agreed to pay therefor the reasonable value thereof; that plaintiffs furnished the labor and materials in the construction of such building, completing the work about March 15, 1948; that the reasonable value of the labor and materials so supplied was $326.54 which Hunt agreed to pay; that although demands were made upon him therefor he has wholly failed to pay; that on April 16, 1948, plaintiffs filed for record their verified claim of lien against the above described property and that thereafter the defendant Hunt conveyed such property to the defendant Archie Corrigeux.

Attached to the complaint and made a part thereof is a copy of plaintiff's verified claim of lien which states: That during the period commencing on or about September 15, 1947, and ending on the 14th day of March 1948, the plaintiffs, at the special instance and request of the defendant Hunt and upon his promise to pay therefor, furnished and delivered to the defendant Hunt of Kalispell, Montana, labor and material in the construction of that certain building located in the town of Columbia Falls, Montana, on the below particularly described lot therein; that such labor and material was actually used in and upon the construction of said building; that the reasonable and agreed value of said labor, supplies and material amounted to the sum of

$326.54, which amount the defendant Hunt promised and agreed to pay; that plaintiff's statement of account in the amount of $326.54 for the construction of said building for defendant Harry Hunt "is a just and true account of the labor and services furnished upon this contract and the amount due Cole and Churmage after allowing all credits thereon;" that the entire amount agreed upon remains unpaid, although the same has been duly demanded; that, desiring to avail themselves of the benefit of the lien laws of this state, plaintiffs intend to file their said statement of account with the county clerk of Flathead county within the time provided by law to secure the amount due upon said account and that the correct description of the property sought to be charged with plaintiffs' lien is: "Lot Four (4), Block Twenty-four (24), of the Original Townsite of Columbia Falls, Montana."

The defendant Hunt on April 28, 1949, was personally served with summons and a copy of the complaint but made no appearance in the case and is in default.

The defendant Corrigeux filed a demurrer urging that the complaint fails to state facts sufficient to constitute a cause of action against him and asserting that plaintiffs' claim of lien "does not contain an itemized statement of the materials or labor furnished by the plaintiffs to the defendant Harry M. Hunt, and that said lien is therefore void for failing to contain a just and true account of the amount due to the plaintiffs."

The trial court sustained the demurrer and ordered the demurring defendant Corrigeux dismissed from the action. From the judgment of dismissal entered plaintiffs have appealed.

Every person wishing to avail himself of the benefits of the mechanics' lien law of this state must, within the time specified in the statute, perfect his lien by filing with the county clerk of the county in which the property is situate a *paper* which contains "a just and true account of the amount due him, after allowing all credits, and containing a correct description of the property to be charged with such lien, verified by affidavit * * * which *paper* containing the account, description, and affidavit

is deemed the lien. * * *'' Section 8340, R. C. M. 1935. Emphasis supplied.

The statute prescribes that the *paper* constituting the lien contain:

1. A ''just and true *account of the amount due*'' the claimant ''after allowing all credits.''

2. A ''correct *description* of the property to be charged with such lien'' sufficient for the identification thereof.

3. A proper *affidavit* which goes to both the account and the description.

Section 8341, R. C. M. 1935, provides: ''The county clerk must indorse upon every lien the day of its filing, and make an abstract thereof in a book by him to be kept for that purpose, and properly indexed, containing the date of the filing, the name of the person holding the lien, the amount thereeof, the name of the person against whose property the lien is filed, and the description of the property to be charged with same.''

The requirements of sections 8340 and 8341, R. C. M., supra, are merely to impart notice to the owner and to subsequent purchasers or lienholders that the lien attaches to a certain described piece of property. Federal Land Bank of Spokane v. Green, 108 Mont. 56, 63, 90 Pac. (2d) 489; Johnson v. Erickson, 56 Mont. 550, 554, 185 Pac. 1116; Ivanhoff v. Teale, 47 Mont. 115, 130 Pac. 972. There is no requirement in either statute (8340 or 8341) that the particular items of the account be set out in the *paper* constituting the lien. Compare: Brennan v. Swasey, 16 Cal. 140, 141, 142, 76 Am. Dec. 507; Selden v. Meeks, 17 Cal. 128, 129; Davis v. Livingston, 29 Cal. 283, 288; Jewell v. McKay, 82 Cal. 144, 150, 23 Pac. 139, 141; Johnson v. Smith, 97 Cal. App. 752, 276 Pac. 146; Shafer v. Los Serranos Co., 128 Cal. App. 357, 17 Pac. (2d) 1036.

Our statutes allowing mechanics' liens are remedial. They are for the purpose of providing for the payment of the accounts owing builders, mechanics and materialmen out of the property to which their work and material have contributed an increased value. From its inception this court has been com-

mitted to the view that mechanics' lien statutes should be given full effect and that they should receive a liberal construction to the end that their objects and purposes be carried out. Smith v. Gunniss, 115 Mont. 362, 376, 144 Pac. (2d) 186. The policy so adopted gives effect to the intention of the legislature as expressed in section 8340, R. C. M., supra, which provides that "any error or mistake in the account or description does not affect the validity of the lien, if the property can be identified by the description."

In the early case of Black v. Appolonio, 1 Mont. 342, 346, the court, in considering the requirements of the mechanics' lien statute, said: "It appears to us that all our statute requires is, that a person wishing to avail himself of the benefits of it should honestly state his account. The term, 'just and true account,' does not necessarily imply more than this. Neither does 'a just and true account' imply, necessarily, the exact account a jury or court might find due under the contract."

In Wertz v. Lamb, 43 Mont. 477, 485, 117 Pac. 89, 93, this court said: "The procedure for the foreclosure of a claim secured by a mechanics' lien, under our Code, is sui generis; it is neither strictly at law nor in equity, but it is a blending of both. Mochon v. Sullivan, 1 Mont. 470, In so far as the entry of a personal judgment upon the failure of the lien is authorized, the procedure is at law; while the foreclosure of the lien is governed by the rules of equity. Much confusion would be avoided in actions of this character if the question of indebtedness was first tried as an ordinary action at law, and, if anything is found to be due to the lien claimant, then proceed as in equity."

Not only is the present action to establish and foreclose a lien, but it is also to recover a stated sum of money on an account for labor and materials which plaintiffs claim they supplied to the defendant Hunt. Section 9167, R. C. M. 1935, provides: "It is not necessary for a party to set forth in a pleading the items of an account therein alleged, but he must deliver to the adverse party, within five days, or such further time as the court may

allow, or may be agreed to by the parties, after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account when the one delivered is too general, or is defective in any particular.''

The *paper* which plaintiffs filed with the county clerk was not a pleading but, as before stated, served merely to impart notice to the defendant owner Hunt and to subsequent purchasers, including the defendant Corrigeux and other lienholders that plaintiffs were asserting a mechanics' lien in the sum stated against the described real property. Should the demurring defendant require further particulars as to the items of the account alleged in the complaint his remedy is to make demand upon plaintiffs therefor as is provided in section 9167, R. C. M., supra.

Plaintiff's lien, a purported copy of which is attached to the complaint, appears on its face to be valid. It was therefore error for the trial court to sustain the demurrer and to order and adjudge that the defendant Corrigeux be dismissed from the action. Accordingly both orders are vacated,—the judgment of dismissal is reversed and the cause is remanded to the district court with directions to overrule the demurrer to the complaint and for further proceedings not inconsistent herewith. It is so ordered.

ASSOCIATE JUSTICES ANGSTMAN, FREEBOURN, METCALF and BOTTOMLY, concur.