HARSH MONTANA CORPORATION, a Corporation, Plain-
tiff and Respondent, v. ALVIN T. LOCKE, Defendant and
Appellant.

No. 9730.
Submitted May 19, 1958. Decided August 13, 1958.
328 Pac. (2d) 926.

Paul W. Smith, J. Miller Smith, Chadwick H. Smith, Helena, John M. Sherman, Pasadena, Cal., for appellant. Paul W. Smith, argued orally.

Church, Harris, Johnson & Williams, Dale Forbes, Great Falls, for respondent. Charles Davidson and Carter Williams, Great Falls, argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiff brought this action to have an alleged mechanic's lien declared invalid and to have it cancelled and discharged of record.

The trial court sitting without a jury granted the relief sought by plaintiff and defendant has appealed from the judgment.

The complaint alleges that palintiff corporation was organized under the laws of Montana; that on October 4, 1951, Harsh Investment Company, an Oregon corporation, and Harold J. Schnitzer entered into a written agreement with defendant, whereby it was agreed in substance that if Harsh should be awarded any contract by the United States Government on bids theretofore made by it for the construction and management of the Davis-Montana Housing project at Tucson, Arizona, the Hill Field Housing Project at Ogden, Utah, or the Great Falls Air Force Base Housing Project at Great Falls, Montana, it may employ Schnitzer or some other person to perform the actual construction work and would employ Locke as general construction superintendent; that if Schnitzer were employed then Harsh was to pay Locke $1,000 per month commencing on October 1, 1951, and running for a period of one year, and as much longer as his services were required in completing the projects.

In addition to such salary, Locke was to receive a bonus which was to consist of 50% of the net profits from the construction

of such projects after allowing 10% of the total amount of the bids made by Harsh and accepted by the government to be first deducted and retained by Harsh.

The contract also made provision for Locke's salary and bonus in the event that someone other than Schnitzer were employed to do the construction work but since Schnitzer was employed to do the construction work those provisions of the contract become immaterial here;

The Great Falls air force base housing project was awarded to plaintiff and consisted of 400 dwelling uits; that to comply with the contract plaintiff borrowed more than $3,000 from Manufacturers Trust Company of New York and executed a real estate and chattel mortgage on the housing project and the personal property installed by plaintiff to secure its payment; that under the terms of the mortgage, the money was held by the investment company and paid only upon withdrawal requests and only then upon condition that no liens were filed; that the trust company, plaintiff and the Federal Housing authority had a closing conference on December 21 to 23, 1953 of which defendant was advised in early December and defendant thereupon filed his mechanic's lien; that the trust company thereupon refused to pay the sum of the loan which it still held in excess of $3,000,000 except that plaintiff agreed that the trust company could withhold the sum of $105,000 to guarantee the payment of defendant's lien if established; that plaintiff was not indebted to defendant at the time the lien was filed but defendant was and is indebted to plaintiff in the sum of several thousand dollars; that upon information and belief defendant is insolvent and has applied for release of his debts in bankruptcy proceedings; that the lien is invalid and void and is a cloud on the title to the real estate and buildings and should be released and cancelled; that if defendant performed services at all, they were performed under a contract with Harsh Investment Company, an Oregon Corporation, and Harold J. Schnitzer and not with plaintiff; that the services were as a construction superintendent and hence not lienable; and that

the lien states the services were performed between August 1951 and October 10, 1953, but that the services were done and complete during the month of June 1953, and that more than 90 days expired after the work was done and the lien filed.

Defendant filed an answer and cross complaint. Most of the cross complaint was stricken on plaintiff's motion. Defendant then filed an amended answer and cross complaint. It contained admissions and denials and two separately stated causes of action by way of a cross complaint. The second cause of action on motion of plaintiff was stricken out in its entirety and certain allegations were stricken from the first cause of action stated in the cross complaint. The portion stricken will be alluded to later herein.

The record shows that defendant was paid $1,000 per month plus his expenses in connection with his services and the only remaining question is whether the lien can stand because of his bonus or share of the profits because of this clause of the contract between Harsh Investment Company, Schnitzer and defendant.

"From the net profit earned by Harsh in connection with the construction of the aforesaid projects, there shall first be retained by Harsh a sum of money equal to ten per cent (10%) of the total amount of the bids made by Harsh and accepted by the government on the aforesaid projects, and from the remaining net profits earned by Harsh as aforesaid there shall be paid to Locke fifty per cent (50%) thereof by way of bonus, as aforesaid."

The trial court held that the agreement covered not only the Great Falls air force base project but the project in Utah as well which was also constructed by Harold J. Schnitzer and that there was no evidence as to whether the Utah project made a profit or sustained a loss; that if a loss were sustained it would have to be deducted from the profit of the Great Falls project before it could be determined whether there was anything in the way of profits to be divided under the agreement; that

154

defendant failed to prove an essential element of his claim to a lien.

Defendant takes the position that he was prevented from making this proof because his allegations relating to the profits from the projects pursuant to the written agreement were stricken from his answer and cross complaint.

But as we have noted above that pleading was superseded by the amended answer and cross complaint. The amended answer and cross complaint fails to allege what the profits were for the two projects. It alleges that the profits for the Great Falls project was $409,530.37; that too was stricken out on motion and obviously correctly so because it is only the profit of the combined projects constructed by Schnitzer in which defendant was to share.

There is no allegation that there was any profit in the combined projects and no proof was offered as to what, if any, profit was made on the combined projects.

Defendant is in error in supposing that he can predicate error on the court's action in striking allegations from his first answer and cross complaint.

He did not stand on his pleading from which the allegations had been stricken. On the contrary he filed an amended answer and cross complaint leaving out allegations with respect to the profits, if any, from the combined projects.

This court has expressly held that by this procedure the pleader acquiesces in the order of the court striking the allegations and abandons the original pleading.

It was so held in Waddell v. School District, 79 Mont. 432, 442, 257 Pac. 278, 281, where the court said:

"It is claimed that the court erred in sustaining plaintiff's motion to strike out certain portions of defendants' answer. After this motion was sustained, defendants were granted leave to, and did, file an amended answer. By this procedure the defendants acquiesced in the order of the court sustaining the motion to strike and abandoned their original answer which thereby became functus officio. Under these circumstances

error may not be predicated upon such order. State ex rel. Juckem v. District Court, 57 Mont. 315, 188 Pac. 137, and cases therein cited. As stated by the court in the case cited, if it should be determined that the court's action in sustaining the motion to strike was erroneous, there is now no place to which the stricken matter could be restored.''

And see to the same effect Brennan v. City of Kalispell, 105 Mont. 547, 74 Pac. (2d) 6, and Cooke v. Meyers, 86 Mont. 423, 283 Pac. 1114. This is the rule in other jurisdictions also. 71 C.J.S. Pleading, section 321, page 716.

The court was right therefore in declaring the lien invalid ▮ and void because there was no proof in the record of the amount of money due and owing to defendant under the terms of the contract which he made with Harsh Investment Company and Schnitzer.

Even had such proof been made the lien would not have been ▮ good against the leasehold interest of plaintiff who was not a party to the contract relating to the bonus.

Whether defendant may recover judgment for the alleged ▮ bonus or profits as an unsecured indebtedness cannot be litigated here because the parties to the contract granting the bonus are not before the court.

Defendant attempted to plead that the Harsh Montana Corporation, the Harsh Utah Corporation, Harsh Investment Corporation, the Harsh Construction Corporation and Harold J. Schnitzer were one and the same.

The proof was insufficient to sustain these allegations. The trial court found for plaintiff for several other reasons stated in the findings of fact and conclusions of law. No useful purpose would be subserved in discussing the other reasons given for thus finding for plaintiff.

If there were error in any other respect it would not affect the result.

The judgment is affirmed.

156

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES CASTLES and BOTTOMLY, concur.