ADRIAN R. DUVAL, Plaintiff and Appellant, v. LEO FUCHS, WILLIAM JOHNSTON, and J. G. AMBURS, Defendants and Respondents.

No. 10405.

Submitted September 10, 1962. Decided October 31, 1962.

375 P.2d 541.

Arthur L. Thompson, Missoula (argued orally), for appellant.

Walter T. Murphy, Superior (argued orally), for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal by the plaintiff, Adrian R. Duval, from an order of the district court of Mineral County dissolving plaintiff's mechanic's lien and charging the plaintiff with the defendant's attorney's fee.

Defendant, J. G. Amburs, was and is the record owner of the property in question. It is located along both sides of U. S. Highway 10 in the vicinity of DeBorgia, Montana. The property is comprised of tourist cabins, a gasoline service station, a bar-cafe, and several miscellaneous outbuildings and the land connected therewith.

In June 1960, Amburs made a contract of sale to defendants, Leo A. Fuchs and Henry Fuchs.

Sometime early in October 1960, Fuchs made arrangements to lease the room adjoining the bar to Darlene Joyce Johnston for the purpose of operating a cafe. Defendant Amburs knew of the contemplated change and approved of it. A written lease was prepared, but was never signed. In order to convert the room to a cafe, certain wiring changes were necessary.

Early in October 1960, Leo Fuchs introduced Mr. Johnston to plaintiff advising Mr. Johnston (husband of Darlene Joyce Johnston) that the plaintiff could do the necessary wiring. Mr. Johnston hired plaintiff, but no rate of pay was agreed upon. The plaintiff asserts that he was hired directly by Fuchs. In our view of this case, the matter of employment is not material.

Thereafter plaintiff accompanied Mr. Johnston to Wallace, Idaho, a distance of thirty miles, to obtain the necessary equipment for the installation. The materials were charged to the account of Leo Fuchs. Leo Fuchs testified that the reason that the materials were charged to him was to enable Mr.

Johnston to utilize the discount which Leo Fuchs had for material.

Plaintiff alleged that he worked on and off for a period of ten days ending October 31, 1960. Plaintiff alleges that the total time spent on the job was forty hours. Defendant, Leo Fuchs, testified that the plaintiff would be there, but would not work much of the time, that he merely "puttered around."

Plaintiff's self-kept record showed time spent as follows:

"Wireing [sic] Riverside Inn

| | | | |
|---|---|---|---|
| "Estemate meterials [sic] | Oct. 21 | 1 | hour |
| "Trip to Wallace | Oct. 24—8 | | hours |
| "Wireing [sic] at home— meter bace—60 amp switch for 100-220 V | | 5½ | hours |
| "Riverside wireing [sic] | Oct. 25 | 8 | hours |
| | "Oct. 26 | 5½ | hours |
| | "Oct. 27 | 3 | hours |
| | " 28 | 3 | hours |
| | " 29 | 5 | hours |
| | " 31 | 1 | hour |

"40 hours"

Expert testimony presented by the defendant indicated that the total job could have been done in three and one-half to four hours. The work consisted of a simple service connection and installation of a main switch box.

Plaintiff first attempted to recover $46 from Johnston, but Johnston avoided the plaintiff, then left the state.

When Mr. Johnston left the state, Leo Fuchs took over the restaurant and had his wife operate it. No changes were made in the wiring, even though evidence put on by the defendant indicated that the wiring was done improperly, and was in fact dangerous.

After failing to get paid from Johnston, plaintiff then made a demand of $80 on defendant Leo Fuchs basing the claim on a rate of $2 per hour for forty hours.

When the lien in question was filed, it was filed in the amount of $120 or $3 per hour for forty hours, plus interest at the rate of six percent from October 31, 1960.

Though defendant Fuchs knew of the work, defendant Amburs did not know that the work was going on or that plaintiff was doing the wiring until the plaintiff showed him the work on the last day which the plaintiff worked.

No claim was ever made on defendants Henry Fuchs or Amburs until the time the lien was filed.

In this action to foreclose the mechanic's lien, defendant Amburs counterclaimed for attorney's fees and other damages.

 The court, sitting without a jury, found that the plaintiff had willfully and knowingly, grossly exaggerated the reasonable value of the work performed and that such constituted fraud on his part.

The trial judge heard the evidence and saw the demeanor of the witnesses. We are unable to determine whether he based his finding upon the claim that the work took forty hours, or the fact that the plaintiff increased the value from $46 to $80 and then to $120. Either alone might have been sufficient evidence to sustain the district court. Taken together, we cannot say that the court did not have evidence to support its finding.

 The rule with respect to reversing a finding of fact by the district court in an equity action is as follows:

" '* * * this court indulges the presumption that the judgment of the trial court is correct, and will draw every legitimate inference therefrom to support the presumption.' [Havre Irrigation Co. v. Majerus, 132 Mont. 410, 318 P.2d 1076.]

"Also our inquiry into the evidence is limited to whether

the findings of the trial court are supportable when the evidence is viewed in the light most favorable to the prevailing party." In re Rudd's Estate, 140 Mont. 170, 369 P.2d 526.

Since the finding of fact by the district court is supported by the evidence, we cannot alter it.

The rule in Montana as elsewhere is well-settled that a willful and knowing exaggeration of the amount due will void an otherwise valid mechanic's lien. "Of course, if fraud is shown in the filing, the lien is vitiated, for fraud cuts down everything * * *." Eskestrand v. Wunder, 94 Mont. 57, 20 P.2d 622.

The court in the Eskestrand case, supra, found that there was no fraud shown in the filing, but here the court found that an exaggeration of ten times, according to defendant's testimony, was sufficient to constitute fraud. Here the plaintiff's own testimony showed that he had increased the claim first from $46 to $80, then later to $120. This coupled with the fact that the job could have been done in much less time than the forty hours claimed by the plaintiff was sufficient to show fraud on his part, and we cannot say that the court erred in finding fraud therein.

The lien might have been held invalid for other grounds, but it is sufficient if we find one ground upon which to hold it invalid and affirm the decision of the district court thereon. We do so affirm.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and CASTLES, and THE HONORABLE E. E. FENTON, District Judge, sitting in place of MR. JUSTICE STANLEY M. DOYLE, concur.