No. 12331

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

FRANCIS TINDALL,

Plaintiff and Respondent,

-vs-

OLAF NEGAARD and PHYLLIS E. NEGAARD,
his wife,

Defendants and Appellants,

and

VERNE MCWILLIAMS and LARRY MCWILLIAMS,

Defendants.

---

Appeal from: District Court of the Tenth Judicial District,
Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

For Appellants:

Leonard H. McKinney argued, Lewistown, Montana

For Respondent:

Robert L. Johnson argued and William E. Berger,
Lewistown, Montana.

---

Submitted: March 1, 1973

Decided: MAR 14 1973

Filed: MAR 14 1973

*Thomas J. Kearney*
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment for plaintiff entered on findings of fact and conclusions of law of the district court of the tenth judicial district, County of Fergus, after trial by the court without a jury. Judgment was for $2,800.25, the full amount prayed for and attorney fees were assessed as for a foreclosure of a lien.

Plaintiff Francis Tindall was in the ready mix concrete business and furnished materials used upon defendant Negaards' premises. Negaards are husband and wife and will be referred to herein as Negaard. The other two named defendants are Verne McWilliams and Larry McWilliams. However, this appeal affects only the rights between Tindall and Negaard. Larry McWilliams was served but defaulted. Verne McWilliams was never found nor served.

The district court found as facts, so far as pertinent here:

a) That plaintiff furnished materials to the order of Vern McWilliams and delivered them to the property of Negaard at intervals during the period May 20 to July 9, 1968.

b) That plaintiff furnished materials to the order of Larry McWilliams and delivered them to the property of Negaard at intervals during the period from September 11 to September 26, 1968.

c) That Negaard had a written contract with Verne McWilliams to make certain improvements.

d) That Verne and Larry McWilliams are father and son, and that they did work together; that in fact they worked together on the Negaard job from May 20 through July 9, 1968.

e) That a mechanic's lien was filed on December 26, 1968.

The district court concluded as a matter of law that the lien was valid, and judgment should be entered.

The issues raised by appellant Negaard are:

- 2 -

1. Plaintiff failed to sustain the burden of proof necessary to establish a valid lien capable of being foreclosed.

2. The conclusion of law that plaintiff had a valid lien was erroneous in that the court allowed tacking of two separate contracts to create a valid lien.

3. That a proper finding and conclusion would result in a dismissal of the lien suit.

Negaard contracted, in writing, with Verne to build a foundation for a trailer house. Verne did the job, ordering and receiving the concrete from Tindall. Tindall billed Verne. Verne was paid in two payments by Negaard, one in cash on July 10 and the other by check on July 26,1968. On the receipt dated July 26, 1968, signed by Verne, it is noted "Pd in full".

Verne did not make any payments to Tindall for the concrete or other materials. At that time, the accounts of Tindall showed due and owing from Verne the sum of $991.50 for materials delivered to the Negaard job.

On September 11, 1968, Larry ordered and received concrete at the Negaard property. Larry continued to receive concrete until September 26. Larry was billed by Tindall. Larry did not pay for any of the concrete. Larry had made an oral contract with Negaard to build a slab around a fish house. He also poured and finished a sidewalk at the trailer house where his father Verne had done the work from May to July. Negaard paid Larry in two payments, $1500 on September 28, and $1400 on October 18,1968.

We have said heretofore that Tindall billed Verne and Larry separately. They had separate addresses. On October 31, 1968, Tindall combined the two accounts in the total amount of $2800.25 and billed Verne and Larry McWilliams, Contractors. Also, at about this time, for the first time, Tindall called Negaard informing him that he had not been paid for the concrete.

Regarding the oral contract found by the trial court to have existed between Negaard and Larry McWilliams, Negaard testified that

he contacted several people, and Verne McWilliams got the bid to build the slab around the fish house. Verne, however, then asked Negaard whether his son Larry could do the job. Negaard agreed and Larry did the job.

Appellant, Negaard, attempts in his brief to show that the last materials were delivered on September 24 under the proof. He then argues that since the lien was not filed until December 26, that it was not timely under section 45-502, R.C.M. 1947, because it was not filed within 90 days of furnishing the last item in such account. We have examined the record carefully and find there is substantial credible evidence to uphold the trial court's finding that September 26 was the last date of delivery.

However, the problem remains whether there was one account or two accounts. The trial court found two separate contracts as shown above, but then went on to find that Verne and Larry were father and son, often worked together, and did work together between May 20 and July 9. Based on this alone, the trial court "tacked" the two jobs together.

Section 45-502, R.C.M. 1947, discusses perfection of liens in terms of accounts. Clearly here, the records of Tindall handled Verne and Larry in two distinct individual accounts. Not only were they kept separate by name, but the addresses on the ledger sheets were different. Thus we have, as the trial court found, two distinct contracts; and as the record clearly shows, two separate and distinct accounts.

The earlier account of Verne's was complete and the last item furnished on July 11, so that a lien filed on December 26 was not timely and to this extent the judgment is in error.

However, appellant argues that if part of the items for which the lien was filed are invalid, the entire lien fails and is void. He predicates this theory on this argument expressed in his brief:

> "Tindall's testimony clearly reveals he made no
> effort to ascertain any differences. He never made

inquiry of Negaard or either of the McWilliams concerning the relationships involved. He always billed the contracts individually yet when it comes time to assert a lien right, he arbitrarily changes his treatment of these two contractors, bills them jointly as if a partnership for the first time on October 31, 1968 and on this basis files his single lien on December 26, 1968. This indicates a deliberateness of mind and purpose on the part of Tindall to attempt to validate the entire account through the filing of a single lien."

Appellant cites Duval v. Fuchs, 141 Mont. 123, 127, 375 P.2d 541, where the Court said:

"The rule in Montana as elsewhere is well-settled that a willful and knowing exaggeration of the amount due will void an otherwise valid mechanic's lien. 'Of course, if fraud is shown in the filing, the lien is vitiated, for fraud cuts down everything'. Eskestrand v. Wunder, 94 Mont. 57, 20 P.2d 622."

In Duval, an exaggeration in amount of some ten times appeared and fraud was specifically found by the trial court.

In the instant case, there was no fraud found. In fact, the trial court found that the relationship of father and son, being together on the job, having worked together on other jobs, and Negaard having ordered concrete once by telephone plus other facts, put as much duty on Negaard as on Tindall. Negaard never bothered to check materialmen, even though he admitted to having previous experience with liens. Also, no dispute as to the amount of material delivered or price appears here.

We conclude, as the trial court did in effect, that no willful or knowing exaggeration exists here. Thus the rule that where the lien includes nonlienable items the proof limits the recovery. See: Cole v. Hunt, 123 Mont. 256, 211 P.2d 417; Hammond v. Knievel, 141 Mont. 433, 378 P.2d 388; Caird Engineering Works v. Seven-Up Gold Mining Co., 111 Mont. 471, 111 P.2d 267.

We hold then that the lien is valid as to the materials furnished to Larry McWilliams. The judgment on the materials furnished Verne McWilliams is set aside. The matter is returned to the district court for entry of judgment in accordance herewith.

One further issue is involved. Attorney fees were awarded on the basis of the recovery amount. It is obvious that attorney

fees will need reconsideration by the district court since the new judgment involves a lesser amount. For consideration of this matter, attention of the district court is called to Luebben v. Metlen, 110 Mont. 350, 100 P.2d 935; Thompson v. Cure, 133 Mont. 273, 322 P.2d 323; and Section 93-8614, R.C.M. 1947.

Since the judgment is reversed in part and returned to the district court for modification, under Montana Rules Civil Appellate Procedure, Rule 33, each party shall bear its own costs on appeal.

_Wesley Castles_
Associate Justice

We Concur:

_James T. Harrison_
Chief Justice

_Frank I. Haswell_

_Gene B. Daly_

_John Conway Harrison_
Associate Justices.