No. 12563

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

WILLIE FIGGINS, d/b/a
FIGGINS & SON EXCAVATING,

Plaintiffs and Respondents,

-vs-

LESLIE B. STEVENSON and
MARILYN R. STEVENSON,
husband and wife,

Defendants and Appellants.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellants:

Bennett and Bennett, Bozeman, Montana
Lyman Bennett, III argued, Bozeman, Montana

For Respondents:

Bolinger and Wellcome, Bozeman, Montana
Page Wellcome argued, Bozeman, Montana

---

Submitted: December 4, 1973

Decided: DEC 28 1973

Filed: DEC 28 1973

*Thomas J. Kearney*
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment for plaintiff entered after findings of fact and conclusions of law were made by the court sitting without a jury. Trial was had in Gallatin County, the Hon. W. W. Lessley presiding. The judgment was in the amount of $12,175.75, plus interest at 6% from July 1, 1972, and for attorney fees in the amount of $2,435.15.

The case involves foreclosure of a mechanic's lien by the plaintiff, respondent and cross-appellant, upon campground premises owned by defendants, appellants. On April 20, 1972, plaintiff, Willie Figgins, d/b/a Figgins & Son Excavating, entered into a written contract with defendants Leslie B. Stevenson and Marilyn R. Stevenson, for the construction of a United Campground near Bozeman. Hereinafter the parties will be referred to as Figgins and Stevenson.

The contract was for a fixed price of $19,474.75 and included waterline excavation and backfilling, powerline digging and backfilling, road blading, gravel and a lagoon. Separate contractors were, under separate contracts, to do plumbing, electrical and building so that completion of Figgins' work was dependent on completion by the other contractors. The sewage lagoon, covered by the contract, was deleted deducting an amount of $5,800 from the fixed price leaving a balance of $13,674.75.

The contract provided that work was to commence as soon as the ground was unfrozen. It then provided in pertinent part:

> "If the work is not substantially completed on
> May 27, 1972, then the Contractor shall be charged
> liquidated damages in the amount of $50.00 per
> day for each and every day that the completion
> date exceeds May 27, 1972.

> "The Contractor acknowledges that the Owner is
> relying upon the above stated completion date
> as a material inducement for his entering into
> this Contract."

Then as to payment the contract provides:

"Final payment

"Final payment, constituting the entire unpaid
balance of the Contract Sum, shall be paid
by the Owner to the Contractor ten (10) days
after Substantial Completion of the Work, pro-
vided the work has then been completed, the
Contract fully performed, and a final Certifi-
cate for Payment has been issued by the * * *
Owner. Final payment will be made as provided
for hereinabove provided the Contractor furnishes
the Owner with a mechanic's lien waiver for all
labor and materials furnished the project by the
Contractor and his suppliers."

Under miscellaneous provisions are two other pertinent provisions

in the contract:

"8.3  The actual staking of the road, roadways,
waterlines, sewer line, electrical line, lagoon
location and septic location shall be done by
Survo, Inc. (formerly Earl R. Best & Associates)
on or before April 15, 1972.

"8.5  The Contractor shall not be responsible
for any liquidated damages as provided herein
if there is any delay resulting from the staking
of roads, and lines (defined herein) or result
from the delay of other subcontractors failure
to cooperate with the Contractor herein."

The contract was prepared by Stevenson through his lawyer

in Minnesota.  It was a printed standard form of agreement between

owner and contractor with certain items stricken and other items

typed in.

On August 3, 1972, Figgins filed a lien against Steven-

son's property in the amount of $14,019.75 for labor, equipment

and materials.  On August 10, 1972, a complaint to foreclose

the lien was filed.  Pursuant to section 45-513, R.C.M. 1947,

Stevenson filed a cash bond as a substitute and had the lien

discharged.  The suit continued against the bond.  On September

19, 1972, an answer was filed, alleging that Figgins failed to

complete the work on time, and counterclaimed, alleging that a

breach of the contract in failing to complete the work on time

resulted in loss of rentals and damage in an amount of $4,000;

- 3 -

and further, that Figgins' negligence caused damage to Stevenson's building in an amount of $1,500.

Trial was had before the court sitting without a jury. The court found in summary:  (1) that Figgins completed the work in the amount of $13,674.75 and that no additional work was done at the instance of Stevenson; but was done at the instance of another building contractor who had a contract with a subsidiary of Stevenson to build a building for Stevenson on the same premises; (2) that no damage to the building was proven by Stevenson; (3) that Figgins did not complete the work on time and owed penalty of 31 days at $50 per day for a total of $1,550, and (4) attorney fees were owed to Figgins.

Thus the court found a net amount due Figgins of $12,175.75 with interest from July 1, 1972, plus attorney fees.

The issues asserted by Stevenson are four:

(1) That the court erred in foreclosing the lien.

(2) That attorney fees were improper and should have been allowed to Stevenson.

(3) That interest was improper.

(4) That damages, rather than the contractual penalty should have been allowed to Stevenson and further that the evidence showed damage to his building caused by Figgins.

Figgins cross-appeals, claiming that the contractual penalty of $50 per day should not have been assessed against him under the evidence since, although his completion was late, the cause of the delay was the other subcontractors and Stevenson.

First of all, in his reply brief, Stevenson charges that the cross-appeal of Figgins is not properly before the Court since Figgins did not file a separate notice of appeal under Rule 4, M.R.App.Civ.P.  Suffice it to say that Figgins as respondent did, in his answering brief, set forth clearly his

cross-appeal. Rule 14, M.R.App.Civ.P., provides that this Court may review any ruling against respondent and reverse or affirm according to the substantial rights of the respective parties. Accordingly, a cross-appeal by respondent's brief is sufficient to put the issue before this Court.

As to issue No. 1, the thrust of Stevenson's argument is that since the contract specified, under the payment provision heretofore quoted, that payment was not due until (a) "final Certificate of Payment has been issued by the * * * Owner", and (b) lien waivers were furnished by the contractor; then those two matters are conditions precedent to payment being due. Under that argument, apparently Stevenson would have us believe that so long as he never issued a certificate he would not be required to pay. Obviously that is incorrect.

As to the requirement of lien waivers, from Stevenson's testimony it is clear that Figgins completed the work in a satis-factory manner, but Stevenson claimed deductions for contract over-run and alleged damage to a building. Stevenson knew the amount claimed due by Figgins under the contract plus extras; and he, together with his attorney, entered into settlement nego-tiations prior to the lien being foreclosed. In July, prior to the filing of the lien, Stevenson wanted to pay $5,000 on the contract in exchange for lien waivers. Figgins refused, insist-ing on the full amount.

That lien waivers can be a condition precedent is clear. Franklin v. Schultz, 23 Mont. 165, 57 P. 1037; Riddell v. P.-W. H. & V. Co., 27 Mont. 44, 69 P. 241; Clifton-Applegate-Toole v. Drain Dist. No. 1, 82 Mont. 312, 267 P. 207. However, where Stevenson refused to pay the contract balance and there was a dispute as to the amount due and owing under the contract, the rule does not apply. If Stevenson had offered to pay the contract

price, the rule would apply. Figgins would then have been obligated to furnish the lien waivers.

Stevenson also argues that before a lien can be valid, the contract amount must be proven. In support he cites: Greene Plbg. & Heating Co. v. Morris, 144 Mont. 234, 395 P.2d 252; Luebben v. Metlen, 110 Mont. 350, 100 P.2d 935; Thompson v. Cure, 133 Mont. 273, 322 P.2d 323; and Harsh Mont. Corp. v. Locke, 134 Mont. 150, 328 P.2d 926. Those cases are not in point in the instant case. Here, Stevenson admitted an amount of over $10,000 was due. An overstatement of the amount due, absent fraud or bad faith, does not invalidate a lien. (See Hammond v. Knievel, 141 Mont. 433, 378 P.2d 388; and Duval v. Fuchs, 141 Mont. 123, 375 P.2d 541, where an exaggeration by ten times was held to be fraud.)

Thus the lien was valid. It follows that attorney fees were proper. Stevenson does not contest the amount of the fees; only whether they are proper. Thus, issue No. 2 is answered.

Issue No. 3, interest having been allowed from July 1, 1972, we feel needs no discussion, since once the validity of the lien is established and the date of the completion of the contract established, under the circumstances here, the running of interest started.

Issue No. 4, that damages other than the contractual penalty of $50 per day should have been allowed will be discussed with the cross-appeal of Figgins. The district court allowed Stevenson a penalty of 31 days at $50 per day. The court based this on the fact that the contract completion date was May 27, whereas Figgins did not finish until June 28.

Under the contract provision heretofore quoted as paragraph 8.5, the contractor was not responsible for liquidated damages if the delay resulted from staking, delay of other subcontractors' failure to cooperate.

Here, the staking to be done under paragraph 8.3 heretofore quoted was not done. Stevenson explained this failure by saying that he, Stevenson, did the staking himself although he admitted he was not a surveyor nor engineer. Witnesses for Figgins testified that there was no adequate staking. At best a conflict in evidence was presented. But, it was more than a mere conflict in reality because Stevenson never had the staking done as he agreed.

Moreover, Stevenson admitted that the lagoon was eliminated, the location of the well changed, the well and plumbing by a separate subcontractor delayed. It followed that Figgins could not complete his work of backfilling until those items were done. The natural consequence of those matters was that Stevenson, who really superintended the whole job as his own contractor, was as much the cause of delay as were other subcontractors. Stevenson argues that since the contract language reads "failure to cooperate" and no testimony in the literal sense of those words was offered, no showing was made of reasons for the delay past May 27. As we review the record, the opposite is shown, and we hold the district court was in error in finding any penalty due. We therefore hold that Figgins is entitled to relief on his cross-appeal. It follows then that appellant Stevenson's issue No. 4 on damages is not meritorious.

By what has been heretofore said, we affirm the judgment of the district court and modify it to include $1,550 and further attorney fees on this appeal in the amount of $500. The cause is remanded to the district court for entry of judgment in accordance herewith.

_Wesley Castles_
_____
Justice

We concur:

_James T. Harrison_
Chief Justice

_Gene B. Daly_

_Frank I. Haswell_

_John Conway Harrison_
Justices