[L. A. No. 11288.   In Bank.—September 1, 1931.]

H. M. ITO et al., Respondents, v. WILLIAM T. SCHILLER et al., Appellants.

Porter C. Blackburn for Appellants.

Jerry Giesler and Bingham Gray for Respondents.

PRESTON, J.—Appeal from judgment for plaintiffs in an action to recover possession of premises held under a written lease and damages suffered through their ejectment therefrom.

Plaintiffs' first amended complaint set forth three causes of action based upon a five-year written lease to them of certain premises, alleging that defendants entered upon the property some eight months after execution of the lease, removed buildings therefrom and withheld possession from plaintiffs, wherefore they prayed for restitution of the premises, damages for waste and the unlawful withholding and for value of rents and profits and costs of suit. Defendants answered and also cross-complained, alleging their termination of the lease upon written notice to plaintiffs for non-payment of rent, praying that plaintiffs take nothing and that defendants have judgment in the sum of $867, with interest, representing the balance alleged to be due upon

rentals covering the period of occupation of the premises by plaintiffs.

The court found that defendants executed to plaintiffs, for a period of five years from September 1, 1926, at a monthly rental of $200 for the first three years and $225 for the two years following, a written lease of said premises, which lease was a valid and subsisting leasehold interest which had not been canceled, surrendered or otherwise terminated; that on December 1, 1926, defendant Gonzales secured the consent of plaintiff Ito to use temporarily the gasoline station and wash-rack located upon the front portion of the premises and thereupon used the same from December 1, 1926, to July 1, 1927, upon a month to month basis, terminated by notice from plaintiffs to defendants served on or about May 23, 1927, paying therefor $875 by crediting the sum of $125 per month against the $200 accruing monthly as rental due from plaintiffs to defendants pursuant to said five-year lease; that said temporary arrangement did not result in a cancellation or surrender of the plaintiffs' five-year leasehold interest nor in a merger, either in whole or in part, of said leasehold interest in defendants' reversionary interest; that plaintiffs paid defendants the sum of $2,000 covering rentals in full from September 1, 1926, to July 1, 1927, plus $225 deposited by them as security for the payment of rent; that defendant Gonzales wrongfully dispossessed plaintiffs of the entire premises on said July 1, 1927, and has wrongfully withheld the possession thereof from plaintiffs since said date; that the rental value of the premises is $400 per month. The court thereupon concluded that plaintiffs were entitled to receive from defendant Gonzales the sum of $2,400, being $200 per month from said July 1, 1927, to time of judgment, and restitution of the premises, defendants to take nothing by reason of their cross-complaint. Judgment was entered accordingly and defendants appealed.

The evidence, although conflicting, offers ample support for the findings and judgment in every respect. The main controversy centers around said so-called month to month occupancy of a portion of the leased premises by appellants, who testified that upon respondents' complaint of inability to live up to the requirements of the lease, it was thereupon terminated; appellants repossessed themselves of the gasoline station and wash-rack and allowed respondents

to retain the rear portion of the property on a month to month basis, rental $75 per month, which tenancy was also terminated by appellants, upon notice, on July 1, 1927, solely because of nonpayment of rent. To the contrary respondents and their witnesses testified that the expressed intention of the parties was that appellants should sublease the wash-rack and gasoline station for $125 per month, which amount was to be credited upon the $200 due monthly from respondents. In fact there was evidence that respondents had a satisfactory subtenant whose occupancy was terminated because of appellants' desire to take over the station and wash-rack. It is also significant that appellants based their cross-complaint upon allegations that $2,000 was due them under said written lease for the 10 months from September, 1926, to July, 1927, and so stipulated upon the trial, of which sum $1133 only was alleged to have been paid. Had the lease terminated in December, 1926, and had respondents thereafter rented only the rear of the premises at $75 a month, the amounts paid and due would undoubtedly have been computed on that basis. There was also evidence that the rent alleged to be in arrears had in fact been paid in full, including plaintiffs' exhibit 2, a receipt dated May 1, 1927, showing payments, in addition to said $125 per month credit, for March, April and May, followed by the clause "Rent Paid in full Juan M. Gonzales".

A merger does not always follow the union of a greater and lesser estate in the same ownership. The question is one of intention, actual or presumed, of the person in whom the interests are united, the evidence in this cause being sufficient to show the true intention of appellants to have been as found by the court. The rule is stated in *Jameson* v. *Hayward*, 106 Cal. 682, 688, 689 [46 Am. St. Rep. 268, 39 Pac. 1078, 1080], as follows: " . . . Equity will prevent or permit a merger, as will best subserve the purposes of justice, and the actual and just intent of the parties. . . . In the absence of an expression of intention, if the interest of the person in whom the several estates have united, as shown from all the circumstances, would be best subserved by keeping them separate, the intent so to do will ordinarily be implied." (See, also, *Rumpp* v. *Gerkens*, 59 Cal. 496; *Security, etc. Co.* v. *Willamette etc. Co.*, 99 Cal. 636 [34 Pac. 321] ; 10 Cal. Jur., pp. 606–608, and cases cited;

1 Tiffany on Landlord and Tenant, pp. 88–90, sec. 12.)
It appears from the circumstances here that in December, 1926, when the estates were united in appellants, their interests would not have been subserved by a merger as they would have been faced with possible loss of the rentals payable under the lease for the remainder of the term. Their desire, in July, 1927, to terminate the lease, due perhaps to a change of circumstances, is not sufficient to imply an intent to merge the estates which is not shown to have existed at the earlier date.

Respondents' notice to appellants to quit their month to month tenancy, found by the court to have been served on or about May 23, 1927, was stipulated to have been served May 18th, and it purported to terminate the tenancy on June 19th, thirty days from May 20th. Citing authority to the effect that a month to month tenancy must be terminated by notice to quit on one of the recurring periods of the letting, appellants claim said notice was insufficient. This contention is inconsistent with appellants' position that they were occupying the premises in their own right through a merger and not as tenants of respondents. The fact is that they continued their occupancy for a full forty-two days after the notice, namely, until July 1, 1927, when they themselves wrongfully evicted respondents. Furthermore, the clause in the findings relative to service of the notice on or about May 23d is really immaterial in view of the circumstances as above set forth.

We have examined with care all points raised by appellants but we find abundant evidence in support of the findings and judgment and no justification for appellants' entry upon the premises, eviction of respondents and demolition of the shop used by them.

These parties have stipulated that in the event of an affirmance of the judgment, this court may include therein the damages suffered by respondents for the value, use and occupation of the premises from date of rendition of judgment in the trial court to date of affirmance of same by this court, pursuant to section 956a of the Code of Civil Procedure and have further stipulated that the sum of $6,625 is the correct amount which has accrued on said lease pending the appeal.

Therefore, it is hereby ordered that respondents receive from appellants the said sum of $6,625, in addition to the award made to them by said judgment, which is hereby affirmed.

Curtis, J., Seawell, J., Shenk, J., Richards, J., Langdon, J., and Waste, C. J., concurred.