LUEBBEN, APPELLANT, *v.* METLEN, RESPONDENT.

(No. 7,995.)

(Submitted January 25, 1940. Decided March 25, 1940.)

[100 Pac. (2d) 935.]

*Mr. John Collins,* for Appellant, submitted a brief, and argued the cause orally.

*Messrs. Gilbert, Gilbert & McFadden,* for Respondent, submitted a brief; *Mr. Theo. F. McFadden* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

This is an action to foreclose a mechanic's lien for material furnished and labor performed. The complaint contains two causes of action, the first being on a written contract and the second on an open account for work and labor. The defendant admitted her obligation under the written contract and alleged payment of the amount due thereon in full. On the second count she admitted that the plaintiff had performed work and labor on her building and furnished material of the value of $274.05 and no more.

Following her answer the defendant set up three affirmative defenses in which she alleged in substance that a dispute arose over the account; that the major portion of the account was for work done without her knowledge or authority, and that after conversations between her agent and the plaintiff an account stated was agreed upon under which her agent and plaintiff fixed the sum of $277.65 as the amount she should pay; that pursuant to such agreement she tendered her check to the plaintiff for that amount on April 10, 1936, and that plaintiff accepted the same and retained it until August 3 following; that at the time of the delivery to and acceptance of the check by the plaintiff, and at all times since, she has had on deposit in the bank on which the check was drawn, subject to check, a sum sufficient to pay the same in full.

The testimony taken at the hearing before the court sitting without a jury is omitted from the record, and it necessarily follows that we are precluded from any review of the facts as found by the trial court, both parties and this court being bound by the facts so found. All the issues were found in favor of the defendant.

After recounting the facts that occurred prior to the agreement as to the account stated, the trial court made these findings:

"XIV. That pursuant to said agreement the defendant on April 10, 1936, delivered to the plaintiff her check drawn upon the First National Bank of Dillon, Montana, in the amount of $277.65 in payment of said account so stated."

"XVI. That the plaintiff accepted said check and retained the same from April 10, 1936, until August 3, 1936."

"XVII. The court finds that, the defendant is indebted to the plaintiff in the sum of $277.65 upon a stated account, which said amount the defendant tendered to the plaintiff on April 10, 1936."

On the findings of fact the court concluded, as a matter of law, plaintiff's lien was released and discharged by defendant's tender to the plaintiff of the balance due on the account stated, and that, the plaintiff having predicated his right of action on the existence of a lien, "when in law no such lien existed, the defendant is entitled to recover of and from the plaintiff her costs expended in the defense of this action including a reasonable attorney's fee."

Judgment was entered allowing defendant costs and attorney's fees in the sum of $176.21, and by the same decree the plaintiff was allowed the sum of $277.65, the amount theretofore agreed to in the account stated, and the court directed that defendant's attorney's fees and costs be offset against the $277.65 allowed the plaintiff.

Plaintiff elected to abide by the ruling of the court as to its conclusion that no lien was established, but appealed from the judgment allowing defendant's costs and the amount of the attorney's fee. It is conceded that defendant is entitled to a reasonable attorney's fee under the provisions of section 9799, Revised Codes, but it is contended that the amount allowed is excessive. As to the costs, plaintiff's position is that the court having provided in the decree that plaintiff should have judgment for $277.65, stripped of the lien, the action became one for the recovery of money, and that plaintiff, having recovered over $50, was entitled to his costs as of course by virtue of subsection 3 of section 9787, Revised Codes.

Error is assigned on: (1) Costs allowed defendant, and erroneously denied to plaintiff; and (2) excessive attorney's fees

allowed defendant. No error, of course, being assigned as to any of the findings.

As to costs, section 9787 provides: "Costs are allowed, of course, to the plaintiff, upon a judgment in his favor, in the following cases: * * * 3. In an action for the recovery of money or damages, * * * when plaintiff recovers over fifty dollars. * * * 6. In an action to foreclose a lien or pledge." On the other hand, section 9799 provides in part for the recovery of attorney's fees by plaintiff in an action to foreclose a lien, and then further provides that, "such reasonable attorney's fees must be allowed to the defendant against whose property a lien is claimed, if such lien be not established." The section provides for costs for plaintiff in addition to attorney's fees but says nothing about costs for the defendant other than for attorney's fees. Section 9788 provides: "Costs must be allowed, of course, to the defendant, upon a judgment in his favor in the actions mentioned in the next preceding section, and in special proceedings." The next preceding section is, of course, section 9787.

As to plaintiff's contention that the lien being eliminated, the action became one for the recovery of money or damages under subdivision 3 of section 9787, it is untenable. The action was commenced to foreclose a lien under subsection 6, and must be followed through to conclusion on that theory. This court has held that "an action for the foreclosure of a lien is not an action on contract for the recovery of money or damages only." (*Soliri* v. *Fasso*, 56 Mont. 400, 185 Pac. 322, 324; see, also, *Henderson* v. *Hooper Sugar Co.*, 65 Utah, 241, 236 Pac. 239, 45 A. L. R. 637.)

It was said in *Gahagan* v. *Gugler*, 100 Mont. 599, 52 Pac. (2d) 150, 152, that "ordinary costs of suit, as provided for by statute (sec. 9802, Rev. Codes 1921), are allowed, of course, to the prevailing party (secs. 9787, 9788, Id.), and no discretion to disallow them is vested in the trial court." In the case at bar plaintiff was allowed only the amount theretofore agreed to in the account stated, and when he sued for more he failed in the suit and the defendant, who stood on the ac-

count stated, was the prevailing party and entitled to her costs.

It is said in 14 American Jurisprudence, section 2, page 5: "Costs are said to be in the nature of incidental damages allowed to the successful party to indemnify him against the expense of asserting his rights in court, when the necessity for so doing was caused by the other's breach of a legal duty."

Plaintiff next contends that the defendant did not comply with the provision of section 9794, Revised Codes, in that she failed to deposit in court the amount previously tendered to plaintiff, and by reason of such failure was not entitled to her costs. Technically this contention of the plaintiff is a correct construction of the statute, but he agreed to the account stated as the amount he was entitled to, which was in the exact amount he was allowed by the court; he accepted defendant's check for the amount which he held for several months; what finally became of such check is not shown, but nothing appears to show he could not have obtained the money thereon; the defendant did not at any time raise any question that the amount the court allowed the plaintiff was not due and owing after the account stated was agreed to; but plaintiff chose to sue rather than abide by the agreement; plaintiff did not demand that the defendant make any deposit in court, and, under all the circumstances, to attempt to evade paying the defendant's costs of useless litigation cannot be sustained. Furthermore, under the rule laid down in *Hirsh* v. *Ogden Furniture Co.*, 48 Utah, 434, 160 Pac. 283, and cases there cited, plaintiff would be held to have waived the requirements of section 9794.

On the question of the attorney's fee allowed, defendant asked for $250. The trial court reduced the amount to $150, and plaintiff contends that $100 was sufficient. We are not disposed to interfere with attorney's fees fixed by the trial court unless there appears to have been a clear abuse of discretion. It was said in the case of *Forrester & MacGinniss* v. *Boston & Montana Consol. Copper & Silver Min. Co.*, 29 Mont. 397, 409, 74 Pac. 1088, 1093: "The circumstances to be considered in determining the compensation to be recovered are the amount and character of the services rendered, the labor,

time, and trouble involved, the character and importance of the litigation in which the services were rendered, the amount of money or the value of the property to be affected, the professional skill and experience called for, the character and standing in their profession of the attorneys. * * * The result secured by the services of the attorneys may be considered as an important element in determining their value.''

No error appearing, the judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ERICKSON and ARNOLD concur.