No. 12725

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

ROBERT ELMER GLICK et al.,

          Plaintiffs and Respondents,

-vs-

THE STATE OF MONTANA, ACTING BY AND
THROUGH THE MONTANA DEPARTMENT OF
INSTITUTIONS,

          Defendant and Appellant.

Appeal from: District Court of the Fifth Judicial District,
          Honorable James D. Freebourn, Judge presiding

Counsel of Record:

    For Appellant:

        C. W. Leaphart, Jr. argued, Helena, Montana
        John A. Hauf, Helena, Montana

    For Respondents:

        Corette, Smith and Dean, Butte, Montana
        Kendrick Smith argued, Butte, Montana

Submitted: September 10, 1974

Decided: NOV 12 1974

Filed: NOV 12 1974

Thomas J. Kearney
                             Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

On June 25, 1969, twenty-six employees of the Montana Children's Center filed a complaint seeking payment of overtime wages for certain hours worked between February 1, 1967, and January 31, 1969. After hearings before four district judges, two appeals to this Court, and a petition for writ of certiorari to the United States Supreme Court, we have the matter before us for the third time.

On August 10, 1970, Judge Davis granted plaintiffs' motion for a limited summary judgment, holding plaintiffs were protected by the provisions of the Fair Labor Standards Act of 1938. That judgment was appealed and affirmed in Glick v. State of Montana, 157 Mont. 204, 485 P.2d 42 (1971). The case then returned to district court for a determination of damages.

That issue was tried before Judge Blair, who, on March 6, 1972, granted judgment in the amount of $489,289.36. That judgment was also appealed, this time raising four issues. In Glick v. Mont. Dep't of Institutions, 162 Mont. 82, 509 P.2d 1, 2, 30 St.Rep. 424, cert. den. 414 U.S. 856, ____S.Ct.____, 38 L Ed 2d 106 (1973), we affirmed the district court's holding on the computation of "regular rate of pay", but reversed on the issues of number of hours worked by each plaintiff, liquidated damages, and attorney fees. The case was remanded for a recomputation of hours worked and a redetermination of attorney fees.

Hearings were held before Judge Freebourn on December 17, 1973, and January 28, 1974; judgment was entered on the latter date. Plaintiffs were awarded $169,783.74 for unpaid overtime and $75,000 for attorney fees. That judgment is appealed here.

The issues now raised are similar to two raised here in 1973:

"1. Did the court err in its findings as to

the number of hours worked by each plaintiff
* * *?

" * * *

"4. Did the court err in awarding attorney
fees in the amount of * * * [$75,000]?"
[amount substituted]

In the 1973 decision we found the district court's

findings were obviously erroneous in the computation of hours

worked per week when compared to the testimony of at least

five plaintiffs. On remand, the district court was ordered to

recompute the hours worked.

One of the exhibits relied on throughout these proceed-

ings was a summary of days worked and monthly rates of pay, com-

piled by a state employee from the records of the Montana Child-

ren's Center. No records had been maintained on the number of

hours worked per week, so the summary made no mention of those

figures.

At the January 28, 1974, hearing, defendant attempted to

introduce the records of the Montana Children's Center as evi-

dence showing errors in the summary previously relied upon.

Judge Freebourn refused to admit these records, holding that

this Court had not given him authority to reopen that matter--a

matter which had been previously decided by Judge Blair in 1972.

Judge Freebourn's exclusion of this evidence was clearly

in accord with the terms of the decision which remanded the case

to him. We remanded for "action not inconsistent with [that]

opinion". The opinion clearly stated that the case had to be

returned to district court for recomputation of average hours

worked by each plaintiff.

"Recomputation" does not include the reception of new

evidence, merely a recalculation based on evidence already in

the record. There was ample evidence to support Judge Freebourn's

findings of hours worked. These findings were based in part on

the figures of days worked included in the summary.

Defendant's suggestion that the summary is inaccurate comes too late. The introduction of the summary was not objected to, although defendant has had the institution's records in its possession since the inception of this lawsuit. In fact, in 1972 defendant proposed in its proposed finding of fact No. 10, that Judge Blair find the summary to be:

> " * * * a true and correct statement of the days worked and monthly rate of pay for the plaintiffs and each of them * * *."

Judge Blair's findings were in accord with this proposal. Defendant did not challenge that finding in its 1973 appeal, although it was an integral part of determining the number of hours worked.

The first challenge to the summary's accuracy was raised only after it had been used and relied upon by all parties for more than two years--including a trial, an appeal to this Court, and a petition for writ of certiorari to the United States Supreme Court. To allow defendant to successfully raise it now would violate the terms of the remand, and would be violative of the policies reflected in the legal concepts of res judicata, law of the case, and perhaps even stare decisis. We affirm Judge Blair's finding on the ground which he accurately set forth, that our remand did not give him jurisdiction to reopen this portion of the record for receipt of new evidence.

Defendant's other allegation of error concerns the award of $75,000 for attorney fees. Defendant contends $56,000 would be a more reasonable figure. While we agree that the award must be reasonable, under the provisions of the Fair Labor Standards Act, 29 U.S.C. §216(b), we cannot find evidence in the record that the award made by Judge Blair was unreasonable, or an abuse of his discretion.

As we said in Luebben v. Metlen, 110 Mont. 350, 355,

100 P.2d 935:

> "We are not disposed to interfere with attorney's fees fixed by the trial court unless there appears to have been a clear abuse of discretion."

The judgment is affirmed.

_Frank I. Haswell_
Justice

We concur:

_____
Chief Justice

_Wesley Castles_

_Gene B. Daly_

_John Conway Harrison_
Justices

- 5 -