No. 81-254

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

GEORGE and MARIE KADILLAK,
husband & wife, et al.,

        Plaintiffs and Appellants,

   -vs-

MONTANA DEPARTMENT OF STATE LANDS,

        Defendant and Respondent.

---

Appeal from:  District Court of the Second Judicial District,
In and for the County of Silver Bow, The Honor-
able Gordon R. Bennett, Judge presiding.

Counsel of Record:

    For Appellants:

        McGarvey, Lence & Heberling; John L. Heberling,
argued, Kalispell, Montana

    For Respondent:

        John F. North, Dept. of State Lands, Helena,
Montana

---

Submitted:  January 15, 1982

Decided:  April 26, 1982

Filed: APR 26 1982

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

In a prior decision this Court remanded this case to the Silver Bow District Court for an evidentiary hearing on attorney fees. The District Court awarded the fees based on Montana's writ of mandate statute. The plaintiffs appeal the award of attorney fees and costs.

The original case, Kadillak v. Anaconda Co. (1979), ____ Mont.____, 602 P.2d 147, 36 St.Rep. 1820, involved an appeal from a District Court order denying plaintiffs relief on their complaint against the Anaconda Company and various state agencies relating to the establishment and operation of a waste dump near the plaintiffs' residences in Butte, Montana. This Court granted the plaintiffs a writ of mandate against the Department of State Lands (State Lands), enjoined the Anaconda Company from using the waste dump until a valid permit was obtained, and remanded the case for a determination of attorney fees pursuant to the writ of mandate statute.

An evidentiary hearing on attorney fees was held on June 3, 1980. At the hearing plaintiffs' attorney, Jon Heberling, requested fees for 90% of the total hours spent on the case, the number of hours he claimed were attributable to the mandamus action against State Lands. He contended that in order to prevail on the mandamus issue it was necessary to provide proof of irreparable injury, proof of the equities involved in the case, proof of standing, and proof to meet the defense of substantial compliance with the permit requirements.

Clayton Herron, an experienced trial attorney, testified for the defendants. He had not been involved in the actual trial of the case but had been asked by the defendants to review the trial record and to give an opinion as to what he considered to be a reasonable number of hours to have spent on the mandamus issue. Mr. Herron noted that out of numerous causes of action pleaded against six defendants, the plaintiffs prevailed against

- 2 -

only one defendant and only on the ground that the permit application was inadequate. Because so many issues had been raised and so much evidence presented, he stated that in his opinion the only productive way to fix a reasonable attorney fee award was to estimate the number of hours it would have taken to bring to trial and appeal the mandamus issue. Based on his own experience he estimated that 130 hours would have been needed at the trial court level and 40 to 50 hours on appeal.

After the hearing, the District Court judge awarded plaintiffs $11,300 in attorney fees and $7,924.39 in costs. In his memorandum opinion the judge stated that under the language of the mandamus statute the award of attorney fees was to be based solely on the number of hours spent by the attorney on the mandamus issue and not the total number of hours involved in the case. He stated that it was not possible to isolate or clearly distinguish the elements of the mandamus issue and that the elements of pleading and proof in the case were so intertwined and convoluted that no rational allocation of attorney effort could be made. Therefore he based the award of attorney fees on the number of hours Mr. Herron estimated as reasonable for the mandamus issue. However, because he determined that the case had been complex, the litigation important, the skill of the attorneys of a high order, and the desired result had been obtained, the judge awarded the attorney fees at a higher rate per hour than was recommended by Mr. Herron.

Costs were awarded only for the items specifically listed in section 25-10-201, MCA. The District Court judge stated that he knew of no realistic formula for segregating the costs for the mandamus issue and therefore awarded plaintiffs the total costs incurred in the case for the items listed in the statute. However he denied the plaintiffs' request for prejudgment interest on the attorney fees and costs.

The plaintiffs raise the following issues in this appeal:

1. Did the District Court err in its determination of reasonable attorney fees?

2. Is prejudgment interest allowable on attorney fees awarded under the mandamus statute?

3. Did the District Court err in refusing to award as "damages" within the meaning of section 27-26-402, MCA, certain litigation expenses?

4. Did the District Court err in refusing to award as costs under section 25-10-201(9), MCA, certain litigation expenses?

The first issue deals with attorney fees. Section 27-26-402, MCA, provides in part:

"If judgment is given for the [writ of mandate] applicant:

"(1) he may recover the damages which he has sustained . . . together with costs . . ."

Reasonable attorney fees are damages within the meaning of this statute. State v. District Court (1953), 127 Mont. 32, 256 P.2d 1076; State v. Batani (1936), 103 Mont. 353, 62 P.2d 565. The District Court correctly concluded that this statute provides only for an award of attorney fees for the number of hours spent by the attorney on the mandamus issue.

The District Court determined that the elements of pleading and proof were so intertwined and convoluted in this case that no rational allocation of attorney effort on the mandamus issue could be made based on the trial record. Therefore the award was based on Mr. Herron's estimate of the number of hours required to prevail on the mandamus issue. The plaintiffs contend that it was improper for the District Court to base the award on Mr. Herron's estimate rather than on the scope of evidence reasonably admissible in the case.

In response to plaintiffs' contention we note first that it is within the discretion of the District Court judge to determine reasonable attorney fees and his determination will not be

- 4 -

interfered with unless an abuse of discretion is shown. Glick v. State, Montana Department of Institutions (1974), 165 Mont. 307, 528 P.2d 686; Luebben v. Metlen (1940), 110 Mont. 350, 100 P.2d 935. We find no abuse of discretion here.

The original trial in this case lasted for thirteen days and involved six defendants and fourteen separate counts ranging from counts in nuisance and trespass to alleged violations of the Montana Environmental Policy Act, the 1972 Montana Constitution, the Hard Rock Mining Act, the Water Pollution Control Act and the Clean Air Act. The case was complex and involved numerous issues other than the mandamus issue upon which the plaintiffs ultimately prevailed on appeal. Since the attorney fee award is to be based only on the hours spent by the attorney on the mandamus issue and since the elements of proof in the case were so intertwined, the District Court judge did not abuse his discretion in basing the award on the estimate given by an experienced trial attorney as to the number of hours necessary to prevail on the mandamus issue.

The plaintiffs argue that the judge erred as a matter of law in failing to base the award of attorney fees on evidence reasonably admissible on the mandamus issue, including proof related to standing, irreparable injury, the equities in the case, and the permit requirements. There is no merit to this argument. Proof of irreparable injury is not required in a writ of mandamus action and the amount of time Mr. Herron estimated as reasonable to prevail on the mandamus issue was sufficient to allow the parties to present evidence related to the other areas of proof.

Guidelines have been established by this Court for determining reasonable attorney fees.

> "'"The circumstances to be considered in determining the compensation to be recovered are the amount and character of the services rendered, the labor, time and trouble involved, the character and importance of the litigation in

which the services were rendered, the amount of money or the value of property to be affected, the professional skill and experience called for, the character and standing in their profession of the attorneys. . . The result secured by the services of the attorneys may be considered as an important element in determining their value."'" First Security Bank of Bozeman v. Tholkes (1976), 169 Mont. 422, 429-430, 547 P.2d 1328, 1332.

These guidelines were considered by the District Court judge when he determined the rate per hour upon which to base the fee award. We find no error with either the method used by the District Court judge for determining reasonable attorney fees or with the amount awarded.

The second issue deals with the denial of prejudgment interest on the award of attorney fees. The District Court concluded that there is no authority in Montana's statutes or case law for the award of interest on attorney fees prior to judgment. The plaintiffs contend that the District Court erred as a matter of law in reaching this conclusion.

Two Montana statutes specifically deal with the awarding of interest to persons entitled to recover damages, sections 27-1-211 and 27-1-212, MCA. In this case the award of attorney fees is an award of "damages" under section 27-26-402, MCA. Therefore it is necessary to determine whether either of the interest statutes authorizes an award of prejudgment interest in this case.

Section 27-1-211, MCA, provides:

"Every person who is entitled to recover damages certain or capable of being made certain by calculation and the right to recover . . . is vested in him upon a particular day is entitled also to recover interest thereon from that day . . . ."

The determination of reasonable attorney fees in this case was within the discretion of the District Court and the amount was not definite or capable of being calculated with certainty prior to judgment. Therefore this section does not provide authority for awarding prejudgment interest to the plaintiffs.

- 6 -

The other interest statute, section 27-1-212, MCA, provides:

> "In an action for the breach of an obligation not arising from contract and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury . . ."

Without deciding whether this statute applies to cases in which the judge rather than the jury determines the award of damages, we find that in any event this statute would not authorize an award of prejudgment interest.

In interpreting this statute this Court previously quoted with approval the following language:

> "'There is no authority of law for treating the jury as clothed with a double discretion,--a discretion to be exercised, first, in fixing the amount of the plaintiff's damages, and then in augmenting that amount by an assessment, in the nature of interest . . . To add interest to discretionary damages is to multiply uncertainty by certainty; the indefinite by the definite; a mixture of incongrous elements which subjects one of the parties to the burden, and gives the other the benefit of both kinds.'" Daly v. Swift & Co. (1931), 90 Mont. 52, 67-68, 300 P. 265, 269.

Based on this rationale we conclude that this statute does not authorize a discretionary award of prejudgment interest in this case since the award of attorney fees is itself discretionary.

The plaintiffs next argue that authority for awarding prejudgment interest is found in the mandamus statute itself, section 27-26-402, MCA. Plaintiffs contend that prejudgment interest comes within the meaning of the term "damages". We disagree. In this case the plaintiffs entered into a contingent fee agreement with their attorneys. No attorney fees were owing prior to judgment. Therefore the plaintiffs suffered no detriment in the nature of prejudgment interest on attorney fees since no prejudgment interest was owing.

We hold that the District Court correctly concluded that there is no authority in Montana for an award of prejudgment interest on the discretionary award of attorney fees involved in

this case.

The third issue is whether the District Court erred in refusing to award as "damages" under section 27-26-402, MCA, certain out-of-pocket litigation expenses. With regard to this issue the District Court concluded that the mandamus statute does not contemplate the awarding of litigation expenses not itemized in the cost statute, section 25-10-201, MCA. We find error in the District Court's determination.

Section 27-26-402, MCA, provides that the prevailing applicant for a writ of mandate may recover damages as well as costs. In determining the meaning of "damages" we turn to section 27-1-202, MCA:

"Every person who suffers detriment from the unlawful act or omission of another may recover from that person in fault a compensation therefor in money, which is called damages."

The term "detriment" is defined in section 27-1-201, MCA:

"Detriment is a loss or harm suffered in person or property."

In this case the plaintiffs were liable to their attorneys under the provisions of their contingent fee agreement for all necessary litigation expenses. If State Lands had not incorrectly issued the permit to the Anaconda Company, the plaintiffs would not have incurred as expenses the litigation expenses related to the mandamus issue upon which they prevailed. The detriment suffered by the plaintiffs with regard to these litigation expenses was caused by State Lands' failure to perform a clear legal duty. The plaintiffs are entitled to be compensated for the reasonable litigation expenses related to the mandamus issue regardless of whether those expenses are awardable as "costs" within the meaning of section 25-10-201, MCA.

The defendants contend that the plaintiffs should be precluded from claiming the litigation expenses as damages because those expenses were not specifically prayed for in the pleadings. Prior to the adoption of the Montana Rules of Civil

Procedure which became effective January 1, 1962, this argument would have been persuasive. See State v. District Court of Eleventh Judicial District (1956), 130 Mont. 65, 294 P.2d 903; State v. Ford (1944), 116 Mont. 190, 151 P.2d 171. However, such specificity of pleading is not mandated under the new rules. No technical form of pleading is now required. Rule 8(e)(1), M.R.Civ.P. "The purpose of pleading under the new rules is to put the court and the parties on notice of the claim being made." Hodgson v. Hodgson (1971), 156 Mont. 469, 474, 482 P.2d 140, 142. In this case the defendants had notice that the plaintiffs were bringing a mandamus action for which damages may be recovered. Litigation expenses are a natural and necessary result of such an action. The defendants were not without notice that such damages might result in this case.

There is a requirement under Rule 9(g), M.R.Civ.P., that special damages must be specifically stated. However since the litigation expenses were a natural and necessary result of the mandamus action, they are general damages and it was not necessary to specifically pray for them in the pleadings.

> "[S]pecial damages are the natural but not
> necessary result of the wrong or breach; whereas
> general damages are damages the law would impute
> as the natural, necessary and logical consequence
> of the wrong or breach." Purington v. Sound
> West (1977), 173 Mont. 106, 111-112, 566 P.2d 795.

The District Court erred in not awarding as damages those litigation expenses incurred as a result of the mandamus action which were not included in the award of costs.

The last issue deals with the award of costs. The District Court correctly concluded that costs are to be awarded only for the items specifically enumerated in section 25-10-201, MCA. This Court has held that "the list of items [in section 25-10-201, MCA,] is exclusive except as to cases taken out of its operation by special statute, by stipulation of the parties, or by rule of court." Roseneau Foods, Inc. v. Coleman (1962), 140

Mont. 572, 580, 374 P.2d 87, 91.

The plaintiffs contend that the District Court erred in not including certain litigation expenses as costs under subsection (9) of section 25-10-201, MCA, which provides that the party to whom costs are awarded is entitled to the reasonable and necessary expenses that are taxable according to the course and practice of the court. There is nothing in the record to indicate, however, that litigation expenses are taxable according to the course and practice of the District Court. Since no error appears from the record, the District Court's award of costs must be upheld.

This case is remanded for a hearing and determination of the reasonable litigation expenses incurred as a result of the mandamus action. Those litigation expenses not included in the award of costs are to be included in the award of damages under section 27-26-402, MCA. The remainder of the District Court's judgment is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 10 -