No. 81-301

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

FIRST NATIONAL BANK & TRUST OF
WIBAUX, et al.,

        Plaintiffs and Respondents,

   -vs-

SECURITY BANK, N. A. AMBROSE H.
HEIMER, et al.,

        Defendants and Appellants.

---

Appeal from:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, The Honorable,
M. James Sorte, Judge presiding.

Counsel of Record:

    For Appellants:

        Ralph L. Herriott, Billings, Montana
        Joseph F. Meglen, Billings, Montana

    For Respondents:

        Towe, Ball, Enright and Mackey, Billings,
        Montana

---

Submitted on Briefs:  March 5, 1982

Decided:  July 12, 1982

Filed: JUL 1 2 1982

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from an action for recovery on four promissory notes, three of which were signed and executed by appellant, Ambrose Heimer, and the fourth of which was signed and executed by Joseph Heimer and guaranteed by Ambrose Heimer.

The original complaint was filed June 9, 1978, by First National Bank and Trust of Wibaux. The remaining plaintiffs were added subsequently. After preliminary pleadings trial was set for May 14, 1979.

In response to interrogatories of February 7, 1979, Ambrose Heimer stated, "Defendant Ambrose Heimer intends to make Edward Towe a defendant by way of cross-claim to assert this."

The original trial date was vacated in May 1979 and leave to file an amended complaint pursuant to stipulation of the parties was granted September 4, 1979. Edward Towe's deposition was taken July 2, 1980. A tentative trial date in October was vacated because of illness of counsel, and in August 1980 a new trial date was set for September 11. On September 4, Heimer filed a motion for continuance supported by an affidavit of Ralph Herriott, appellants' counsel, claiming Grant Investment Funds is a partnership and not all partners had been joined in the lawsuit and also claiming not all of the real parties in interest had been made party to the lawsuit. The motion was granted, and a new trial date set for September 30. That trial date was vacated on September 10 and reset for November 24, and the parties were ordered to complete discovery by November 10, 1980.

On November 10, 1980, defendants Ambrose and Joseph

Heimer filed an amended answer, which included a counter-claim, cross-complaint and two third party complaints. The District Court granted respondents' motion to strike the amended answer, cross-complaint and third party complaints by order of November 24. Trial was held on November 24, 1980, and judgment entered in favor of respondents on March 3, 1981.

Appellants set out three issues for review by this Court: (1) Whether the District Court erred in failing to allow Ambrose Heimer to join Edward Towe and James Updike as third party defendants; (2) whether the named plaintiffs are real parties in interest; and (3) whether attorney fees of 10% of the amount due on the promissory notes were properly assessed.

The source of the first issue is appellants' amended answer which included a counterclaim, cross-complaint and two third party complaints. The amended answer, dated November 10, 1980, included third party complaints against Edward Towe and later James Updike.

In granting respondents' motion to strike the appel-lants' amended answer, including the two third party com-plaints, the District Court determined that the contentions proposed by the appellants constituted, "at best," a permis-sive pleading "the substance of which would not be effected by not including it in the present trial."

Respondents argue that since the amended answer was filed more than twenty days after it was served and without leave of the court or written consent of the adverse party, it was not properly before the court. Rule 15(a), M.R.Civ.P. Respondents also argue the attempt to add additional parties

was defective for the same reasons under Rule 21, M.R.Civ.P.

Even if the appellants had moved the court properly to amend the pleadings and add additional parties, respondents claim, the District Court properly exercised its discretion in granting the motion to strike in that the amendment was untimely.

As previously noted, the appellants' amended answer included a cross-complaint, countercomplaint, and two third party complaints. Since these various complaints were not severed from one another and were included as part of the amended answer Rule 15(a), M.R.Civ.P., governs.

Appellants filed their amended answer on November 10, 1980. Respondents subsequently filed a motion to strike which is the only method of determining whether an amended pleading has been improperly filed. Westlake v. District Court (1946), 118 Mont. 414, 167 P.2d 588; Paramount Publix Corp. v. Boucher (1933), 93 Mont. 340, 19 P.2d 223.

After a responsive pleading is served or twenty days after an original pleading is served, a party may amend his pleading only by leave of court or by written consent of the adverse party. Rule 15(a), M.R.Civ.P.

Appellants here did not have written consent of respondents and filed their amendment without leave of court. Therefore, the District Court did not err in granting the motion to strike the amended answer.

The second issue to be considered is whether the named plaintiffs, First National Bank and Trust of Wibaux (hereinafter First National), Richey National Bank, Towe Foundation and Grant Investment Fund, are real parties in this action.

The District Court's findings of fact will not be disturbed by this Court if they are supported by the evidence. Washington Water and Power v. Morgan Electric Co. (1968), 152 Mont. 126, 448 P.2d 683; Rule 52(a), M.R.Civ.P.

The District Court found that First National was the holder of legal title to each of the promissory notes in question and that it holds trust authority and powers regarding each note. The court concluded that First National was the real party in interest and was entitled to receive the monies owed under each promissory note.

We find substantial evidence both in the transcript and the exhibits supporting the District Court and therefore affirm its finding.

Appellants also claim as error the District Court's award of attorney fees. The District Court awarded attorney fees of 10% of the unpaid principal and interest of each note. This was the minimum amount agreed upon in each of the notes and was also supported by an hourly documentation of attorney time by respondents' counsel.

The determination of reasonable attorney fees is within the discretion of the District Court and will not be changed unless abuse of discretion is shown. Kadillak v. Montana Dept. of State Lands (1982), ___ Mont. ___, 643 P.2d 1178, 39 St.Rep. 773; Glick v. State of Montana (1974), 165 Mont. 307, 528 P.2d 686; Luebben v. Metlen (1940), 110 Mont. 350, 100 P.2d 935. We find no abuse of discretion here.

Affirmed.

John Conway Harrison
Justice

-5-

We concur:

_____
Chief Justice

_____

_____
Justices


Mr. Justice Gene B. Daly dissenting:

I would reverse.

_____
Justice